[Crim. No. 21827. First Dist., Div. Two. Mar. 2, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ABIE COOPER, Defendant and Appellant.

481

■■■■■■■■■■■

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Michael S. McCormick, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ronald E. Niver and John W. Runde, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROUSE, J.**—This appeal involves the single issue of whether a trial court, when resentencing a defendant following a remand by the appellate court, must obtain a current probation report before imposing sentence.

The pertinent facts are that on July 17, 1980, defendant Abie Cooper was charged by information with assault with a deadly weapon, in violation of section 245, subdivision (a), of the Penal Code. He was tried by a jury, which found him guilty as charged, and he was sentenced to serve the upper term of four years in state prison.

Defendant appealed from the sentence imposing the aggravated term. The appellate court concluded that the sentencing court had erroneously based

its sentence choice upon two aggravating factors (the threat of great bodily harm and the use of a weapon) which constituted elements of the charged offense, assault with a deadly weapon. Although the trial court had properly relied upon two other aggravating factors (the unprovoked nature of the attack and the seriousness of the crime), the appellate court held that a remand for resentencing proceedings was necessary in order that the trial court could weigh these two aggravating factors against the two factors in mitigation (defendant's substantially reduced culpability due to a mental condition and the absence of any significant prior criminal record).

Upon remand, a resentencing hearing was held on April 29, 1982. After reviewing the presentence report and the appellate court opinion resulting in the remand, the trial court reaffirmed the existence of the two mitigating and two aggravating factors mentioned by the appellate court. However, the trial court also found that there were two additional factors in aggravation: defendant was a dangerous individual and thus a threat to society, and he had a prior history of assaultive (although misdemeanor level) behavior. Defendant was again sentenced to the upper term of four years and has again appealed.

Defendant's sole contention on appeal is that the case must again be remanded for further sentencing proceedings because the court failed to obtain a current probation report in accordance with the provisions of section 1203 of the Penal Code. He asserts that a current probation report would have allowed the trial court to consider his conduct in prison before resentencing him and that such a report might have contained a psychiatric evaluation indicating the existence of mitigating circumstances which might have dissuaded the court from reimposing the upper term of imprisonment.[1]

Section 1203, subdivision (b), of the Penal Code provides, in pertinent part, that "In every case in which a person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court shall immediately refer the matter to the probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the

---

[1]The Attorney General argues that this appeal is moot because defendant was released on parole on June 28, 1982. Defendant points out that since his controlling discharge date is not until June 28, 1985, the appeal is not moot because a reduction in his prison sentence would also reduce the length of his parole. (*In re Kemper* (1980) 112 Cal.App.3d 434, 437-438 [169 Cal.Rptr. 513]; *In re Sosa* (1980) 102 Cal.App.3d 1002 [162 Cal.Rptr. 646].) We agree.

crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment."

■    Defendant correctly points out that this statute has repeatedly been held to require a current probation report upon resentencing proceedings following a remand by the appellate court. (*People* v. *Rojas* (1962) 57 Cal.2d 676, 679, 682 [21 Cal.Rptr. 564, 371 P.2d 300]; *In re Gomez* (1973) 31 Cal.App.3d 728, 731, 733 [107 Cal.Rptr. 609]; *People* v. *Keller* (1966) 245 Cal.App.2d 711, 715-718 [54 Cal.Rptr. 154].)

The Attorney General seeks to distinguish these authorities by arguing that they were decided prior to a 1971 amendment to section 1203 of the Penal Code. He points out that prior to 1971, section 1203 required the preparation of a probation report "before *any* judgment is pronounced" (Stats. 1969, ch. 522, § 2, p. 1134; italics supplied), but that in 1971 the Legislature amended the statute, eliminating the word "any" and making various other changes to the statute (Stats. 1971, ch. 706, § 1, p. 1367). The Attorney General argues that the elimination of the word "any" must be viewed as a substantive change constituting a deliberate attempt by the Legislature to abrogate the case law requiring a current probation report when a case is remanded for resentencing. He concludes that at all times subsequent to the 1971 amendment, trial courts were not required to obtain a current probation report at a resentencing hearing as long as a probation report was obtained before the initial sentencing.

The Attorney General's position is not persuasive. Both the summary digest and staff analysis of Senate Bill No. 1087, which resulted in the 1971 amendment to section 1203 of the Penal Code, make it quite clear that the amendment was not intended to accomplish any substantive change. The summary digest of the bill states that it "[r]evises law governing granting of probation, to include various technical, non-substantive changes." (3 Stats. 1971 (Reg. Sess.) Summary Digest, p. 103.) The staff analysis comment states that "This bill revises Section 1203 of the Penal Code by restructuring the code section and eliminating various provisions which are confusing and redundant. [¶] The revision does not make any substantive changes." In the light of these comments, it is evident that if we were to accept the Attorney General's construction of the 1971 amendment, we would be according substantive weight to minor cosmetic changes in the language of the statute, in direct contravention of the intent of the Legislature. Obviously, such a construction must be rejected. We conclude that the 1971 amendment did not effect any substantive change in the statute and that the cases construing the statute in its pre-1971 form are still controlling. Such being the case, defendant is correct in contending that the case must be remanded for a new sentencing hearing.   .

The judgment is reversed and the cause remanded to the trial court with directions to order a current probation report and, giving due consideration to that report, to resentence defendant.

Kline, P. J., and Smith, J., concurred.