[No. B049629. Second Dist., Div. One. May 31, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES WILLIAM TATLIS, Defendant and Appellant.

[No. B052505. Second Dist., Div. One. May 31, 1991.]

In re JAMES WILLIAM TATLIS on Habeas Corpus.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the Introduction, Procedural Background and part IV of the Discussion of this opinion are certified for publication.

## COUNSEL

Barbara Springer Perry, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, Edward T. Fogel, Jr., Assistant Attorney General, Carol Wendelin Pollack, David F. Glassman and Karen Bissonnette, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### SPENCER, P. J.—

#### INTRODUCTION

Defendant James William Tatlis appeals from the judgment entered after he was resentenced to state prison for the term prescribed by law. In addition, defendant petitions for a writ of habeas corpus on the ground he was denied due process of law at his resentencing hearing.

#### PROCEDURAL BACKGROUND

Defendant pleaded guilty to being a felon in possession of a firearm (Pen. Code, § 12021), after which a jury found him guilty of two counts of forcible rape (Pen. Code, § 261, subd. (2)), two counts of forcible oral copulation (Pen. Code, § 288a, subd. (c)) and one count of false imprisonment (Pen. Code, § 236). The jury further found true the allegation defendant personally used a firearm in the commission of the offenses. (Pen. Code, § 12022.3.) In a separate proceeding, the court found true the allegations defendant had suffered three prior felony convictions within the meaning of Penal Code section 667.5, subdivision (b).

Defendant originally was sentenced on August 5, 1987. The total sentence imposed was 43 years. He received the midterm sentence of six years and a three-year sentence enhancement for the use of a firearm on count I (forcible rape of Ms. K.). He received the high term sentence of eight years and the same three-year enhancement on count II (forcible rape of Ms. T.). Pursuant to Penal Code section 667.6, subdivision (d), the sentence imposed on count II was to run fully consecutively to the sentence imposed on count I.

Defendant received the midterm sentence of six years and a three-year sentence enhancement for the use of a firearm on count III (forcible oral copulation of Ms. K.). Pursuant to Penal Code section 667.6, subdivision (c), the sentence imposed on count III was to run fully consecutively to those imposed on counts I and II. Defendant received the high term sentence of eight years and the same three-year enhancement on count IV (forcible oral copulation of Ms. T.). Again, pursuant to Penal Code section 667.6, subdivision (c), this sentence was to run fully consecutively to those previously imposed. The court then imposed additional consecutive one-year enhancements for each of defendant's three prior felony convictions.

The sentences imposed on defendant's convictions of false imprisonment and being a felon in possession of a firearm were stayed pursuant to Penal

Code section 654. Defendant was given 310 days of custody credit and 155 days of conduct credit against his sentence.

Defendant appealed his conviction. In *People* v. *Tatlis* (July 5, 1989) B029941 (*Tatlis I* ), this court found prejudicial sentencing error. We vacated the sentence and remanded the matter for resentencing; in all other respects, the judgment was affirmed.

Defendant appeared for resentencing on February 22, 1990. The court granted his request to proceed in propria persona, but denied his request that a current probation report be provided before he was resentenced. Thereafter, the court denied defendant's request for a continuance. In resentencing defendant, the court failed to pronounce sentence on any counts other than counts III and IV. As to the latter counts, the court reinstated the sentence previously imposed.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

## DISCUSSION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

*On Appeal and Habeas Corpus*

### IV

 Defendant asserts the sentencing court erred prejudicially and deprived him of due process of law in denying his request at the resentencing hearing for a current, or supplemental, probation report. We agree defendant has been prejudiced.

At the beginning of his resentencing hearing, defendant requested that a current probation report be prepared and considered before his resentencing, informing the court that *People* v. *Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21] gave him a right to one. The sentencing court denied the request on the ground defendant was not eligible for probation.

*People* v. *Brady*, *supra*, 162 Cal.App.3d 1, examines the history of the question of a defendant's entitlement to such a report on remand for

*See footnote, *ante*, page 1266.

resentencing. *People v. Cooper* (1984) 153 Cal.App.3d 480 [200 Cal.Rptr. 317] had required the court to obtain a current probation report on remand to permit a determination of whether the defendant's conduct in prison during the pendency of an appeal would reveal mitigating factors. (*Id.* at pp. 482-484.) In contrast, *People v. Savala* (1983) 147 Cal.App.3d 63 [195 Cal.Rptr. 193] had rejected the claim a defendant should have received a current probation report. (*Id.* at p. 70, fn. 4.) In *Savala*, the court premised its rejection on cases involving resentencing after probation was revoked, such as *People v. Jones* (1982) 128 Cal.App.3d 253, 262-263 [180 Cal.Rptr. 228], and *People v. Colley* (1980) 113 Cal.App.3d 870, 872-873 [170 Cal.Rptr. 339]. As the *Brady* court notes, those cases were not necessarily pertinent, in that *In re Rodriguez* (1975) 14 Cal.3d 639 [122 Cal.Rptr. 552, 537 P.2d 384] prohibited the consideration of conduct postdating a grant of probation in imposing a prison term after the revocation of probation. (*Brady, supra,* 162 Cal.App.3d at p. 4, fn. 2.) The *Cooper* court had relied on *People v. Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300], but in *Rojas,* defendant was eligible for probation. (*Brady, supra,* 162 Cal.App.3d at pp. 3-4.) Since the defendant in *Brady* was statutorily ineligible for probation, the *Brady* court faced the challenge of ascertaining the significance of this distinction.

Preliminarily, the court notes, "[e]ven though 'the purpose of imprisonment . . . is punishment' [citation], it makes no sense to draw an arbitrary line at the conclusion of the original sentencing proceeding and preclude consideration by subsequently resentencing courts of positive information regarding the defendant simply because he is statutorily ineligible for probation." (*People v. Brady, supra,* 162 Cal.App.3d at p. 4, fn. 2.) This is especially the case since the advent of determinate sentencing, for the sentencing court now "must do much more than simply determine whether to admit a defendant to probation or to send him to prison for 'the term prescribed by law.' As implicitly recognized by the *Cooper* [*People v. Cooper, supra,* 153 Cal.App.3d 480] court, the probation report bears directly and influentially upon the *length* of a defendant's imprisonment, by affecting whether the trial court finds factors in aggravation or mitigation, the balancing of those factors, and the decision whether to impose concurrent or consecutive sentences." (162 Cal.App.3d at p. 6, italics in the original.) In other words, a probation report has obvious utility in assisting the court in crafting the appropriate sentence quite apart from its utility in informing a decision whether to grant probation.

The court continues, "[t]aken literally, the language of [Penal Code] section 1203, subdivision (b), that a probation report be prepared '[i]n every case in which a person . . . is eligible for probation . . . ,' would permit a trial court to refuse to order an *initial* probation report where, as here, the

crimes committed precluded consideration of probation as a sentencing option. Yet section 1170, subdivision (b) manifestly contemplates a probation report being available for the trial court's consideration *as to the selection of a term of imprisonment*: 'In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, *the probation officer's report*, other reports including reports received pursuant to Section 1203.03 and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing.' ([Italics] added.) California Rules of Court, rule 419(a)(8)(i) assumes that a sentencing court will have a probation report bearing upon the issue of eligibility for probation itself, and in subdivision (a)(8)(ii) directs the probation officer to discuss 'factors affecting sentence length.'

"The *Ware* [*People* v. *Ware* (1966) 241 Cal.App.2d 143 (50 Cal.Rptr. 252)] court's notion that a defendant's behavior while incarcerated during the pendency of an appeal would have no bearing upon a subsequent resentencing was recently rejected in *Van Velzer* v. *Superior Court* (1984) 152 Cal.App.3d 742 . . . , in which the Fourth Appellate District held that a current probation report prepared after remand for resentencing should include information concerning the defendant's performance while incarcerated after the original sentencing. [Citation.] . . . Even for a defendant who remains completely and unalterably ineligible for probation, the statutory and policy justifications identified by *People* v. *Rojas*, *supra*, 57 Cal.2d at pages 682-683,[2] for requiring a current probation report on resentencing are even more meaningful in the postdeterminate sentencing era with regard to the myriad decisions a trial court must make regarding the length of such a defendant's term of imprisonment." (*People* v. *Brady*, *supra*, 162 Cal.App.3d at pp. 6-7, italics in the original.)

Consequently, the *Brady* court concludes, "upon remand for resentencing, even when the defendant is ineligible for probation, if the resentencing court has discretion to alter the length of the defendant's imprisonment, it *must* obtain a new, updated probation report, including information regarding the defendant's behavior while incarcerated during the pendency of any appeal, before proceeding with the resentencing." (*People* v. *Brady*, *supra*, 162 Cal.App.3d at p. 7, italics added.) As noted *ante*, in the instant matter the sentencing court clearly had *discretion* to alter the length of defendant's imprisonment. Thus, defendant argues, the court obviously erred in denying his request for a current probation report. Were *Brady* the final word on the subject, defendant would be correct.

---

[2]These statutory and policy considerations all concern the purposes of probation and the state's interest in seeing that a grant of probation is limited to one who will benefit from it.

*Brady* has been followed by a number of cases, including *People* v. *Foley* (1985) 170 Cal.App.3d 1039 [216 Cal.Rptr. 865], in which the Third Appellate District retracts the *Savala* footnote and adopts the *Brady* approach while modifying the reasoning. (At pp. 1046-1047.) The *Foley* court notes that Penal Code section 1170, subdivision (b), mentions the propriety of considering a probation report in determining the appropriate sentence, while rule 418 of the California Rules of Court (renumbered as rule 411(b), eff. Jan. 1, 1991) states: "Regardless of the defendant's eligibility for probation, the sentencing judge should refer the matter to the probation officer for a presentence investigation and report." (*Foley, supra,* at pp. 1046-1047.) The court then reasons that neither the statute nor the rule distinguishes between an original sentencing and a resentencing; since a defendant has the same rights on resentencing as he or she had originally, he or she thus has the same entitlement to a current probation report. (*Id.* at p. 1047.) Moreover, Penal Code section 1203.03 clearly contemplates the consideration of a defendant's postconviction behavior in sentencing. (*Ibid.*; accord, *People* v. *Flores* (1988) 198 Cal.App.3d 1156, 1160 [244 Cal.Rptr. 322]; *People* v. *Leffel* (1987) 196 Cal.App.3d 1310, 1319 [242 Cal.Rptr. 456]; *People* v. *Jackson* (1987) 189 Cal.App.3d 113, 118-119 [234 Cal.Rptr. 293]; *People* v. *Smith, supra,* 166 Cal.App.3d 1003, 1008-1009 [212 Cal.Rptr. 737].)

At the same time, a parallel line of cases has developed; these adopt a position significantly at odds with that of *Brady*. The first of these is *People* v. *Webb* (1986) 186 Cal.App.3d 401 [230 Cal.Rptr. 755]. In *Webb*, the court first notes the case is factually distinguishable from *Brady*, in that the resentencing was circumscribed by the plea bargain the defendant had accepted; moreover, the defendant neither requested a current report nor objected to the lack thereof. (*Id.* at p. 408.) Additionally, the sentencing court did send material submitted by the parties to the probation officer and ordered the probation officer to be present at the hearing. (*Ibid.*) The *Webb* court then concludes, based on the language of Penal Code section 1203, subdivision (g), which gives the court discretion to order the probation officer to investigate facts relating to sentencing when preparing a restitution report, that the matter is not mandatory but lies entirely within the sound discretion of the resentencing court. (*Id.* at p. 409; accord, *People* v. *Goldstein* (1990) 223 Cal.App.3d 465, 470-472 [272 Cal.Rptr. 881]; *People* v. *Grimble* (1987) 196 Cal.App.3d 1058, 1062-1064 [242 Cal.Rptr. 382]; *People* v. *McClure* (1987) 191 Cal.App.3d 1303, 1305-1306 [237 Cal.Rptr. 90].)

As far as it goes, the *Webb* line of cases is more soundly reasoned than the *Brady* line of cases. There is no statutory requirement that a sentencing court procure a probation report embodying facts pertaining to sentencing except when a person convicted of a felony is eligible for probation. (Pen. Code,

§ 1203, subd. (b).) The court "may" order such a report for a person convicted of a misdemeanor. (*Id.*, subd. (d).) While the court must procure a report embodying facts relevant to the determination of a restitution fine in every applicable case, that is the limit of the mandate. (*Id.*, subd. (g).) Subdivision (g) clearly states that the sentencing court *may*, in its discretion, direct the probation officer to investigate facts pertaining to sentencing. Neither is there any mandate in the California Rules of Court. Rule 418 (now rule 411(b)) states, when the defendant is ineligible for probation, the court *should* order a probation report. " 'Shall' is mandatory, 'should' is advisory, [and] 'may' is permissive" as used in the sentencing rules. (Cal. Rules of Court, rule 407(a).)

■ As the foregoing demonstrates, whether to order a current probation report on remand for resentencing clearly is a discretionary rather than a mandatory matter. The discretion afforded the court is not, however, the broad sweeping discretion it is afforded in other circumstances. The use of the word "should" in rule 418 bespeaks a somewhat narrower discretion. The advisory sense in which the word "should" is used connotes strong encouragement, the indication of the preferred practice. Hence, while the court has discretion to deviate from the preferred practice, it must have a sound reason for doing so.

If a remanded defendant requests a current probation report, the request in itself suggests the report will reveal favorable, or mitigating, information. At the least, the request puts the court on inquiry as to what kind of favorable information the defendant expects the report to reveal. While the same favorable information could be presented to the court in another form, that the court ordered the preparation of a probation report before sentencing the defendant originally suggests the efficacy and utility of evaluating the current information in the same form. The report presents information in a cohesive fashion, facilitating the task of weighing newly revealed mitigating factors in the balance. Moreover, the probation officer's investigation can ascertain whether the defendant's good behavior while incarcerated is similar to that of earlier incarcerations, thus assisting the court in determining whether defendant has indeed changed his attitude and his life or simply responds well to the structured environment of prison.

In short, when a defendant has requested a current probation report and the court originally had ordered and considered a probation report, a good countervailing reason will be required for denying the request. Most assuredly, the court must have some substantial basis for the denial; there must be far more than a subjective desire to avoid information which might require consideration of something other than a maximum sentence. Anything less deprives a defendant of his or her due process right to have the court

exercise *informed* sentencing discretion. (*United States* v. *Tucker* (1972) 404 U.S. 443, 447 [30 L.Ed.2d 592, 596, 92 S.Ct. 589]; *People* v. *Belmontes, supra*, 34 Cal.3d at p. 348, fn. 8.)

 In this case, there is no question of whether the sentencing court abused its discretion in denying defendant's request. Indeed, it is unclear the court even was aware it had some discretion in this area. The sole reason given for denying defendant's request was that he was ineligible for probation. More importantly, the sentencing judge's statement that she did not intend to change her mind and sentence any differently than she had originally suggests the judge was not open to the possibility there might now be mitigating factors to be weighed in the balance, and thus not inclined to give the possibility any discretionary consideration.

Unquestionably, the court's error in failing to exercise its discretion was prejudicial. As noted above, fundamental fairness requires that sentencing decisions be based upon the court's *informed* discretion. (*United States* v. *Tucker, supra*, 404 U.S. at p. 447 [30 L.Ed.2d at p. 596]; *People* v. *Belmontes, supra*, 34 Cal.3d at p. 348, fn. 8.) The circumstances in mitigation enumerated in rule 423 of the California Rules of Court are simply illustrative (*People* v. *Covino* (1980) 100 Cal.App.3d 660, 670-671 [161 Cal.Rptr. 155]); a broad scope of information may be considered (*People* v. *Stanley* (1984) 161 Cal.App.3d 144, 150 [207 Cal.Rptr. 258]; see also *People* v. *Cheatham* (1979) 23 Cal.3d 829, 835-836 [153 Cal.Rptr. 585, 591 P.2d 1237]). Such circumstances include every factor having a legitimate bearing on the matter (*People* v. *Guevara* (1979) 88 Cal.App.3d 86, 93 [151 Cal.Rptr. 511]), and the court should consider all mitigating circumstances in imposing sentence (*Covino, supra*, 100 Cal.App.3d at p. 671).

In support of his habeas petition, defendant has submitted materials which demonstrate a current probation report would reveal he is viewed as a responsible and trustworthy worker in prison, has turned to religion, now feels remorse for his offenses, has benefitted from counseling and is pursuing sound educational and vocational goals. All of this information falls in the category of mitigating circumstances (see, e.g., *People* v. *Covino, supra*, 100 Cal.App.3d at p. 671), suggesting defendant may well be on the road to reformation. He is entitled to have the sentencing court give serious consideration to these mitigating circumstances, weighing them against the aggravating circumstances. (*In re Handa* (1985) 166 Cal.App.3d 966, 973 [212 Cal.Rptr. 749].) Moreover, there is sufficient substance to these mitigating circumstances to create a reasonable probability they will affect the sentencing calculus favorably. Accordingly, the court's error in failing to exercise its discretion in considering defendant's request for a current probation

report requires the vacation of his sentence and a remand for yet another resentencing.

V, VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

Let a writ of habeas corpus issue. The sentence is vacated and the matter is remanded for resentencing in conformity with the views expressed herein.

Devich, J., and Vogel, J., concurred.

---

*See footnote, *ante*, page 1266.