Filed 2/27/13  P. v. Gooch CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B236978 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA331982) |
| v. | |
| RUSSELL LEE GOOCH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Alex Ricciardulli, Judge.  Reversed and remanded with directions.

Helen S. Irza, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

This case comes before us a second time. On March 3, 2008, a jury in Santa Barbara convicted Russell Lee Gooch of stalking, dissuading a witness by force or threat and contempt of court. The convictions occurred at Gooch's second trial; at the first trial the jury deadlocked on all counts, and a mistrial was declared. On May 9, 2008, the Santa Barbara trial court sentenced Gooch to an aggregate state prison term of six years, suspended execution of the sentence, and granted him five years of formal probation on various terms and conditions, including that he not have any contact with the victim or her family for 10 years, and complete a two-year residential alcohol and drug treatment program.[1] (*People v. Gooch* (April 19, 2011, B220982) [nonpub. opn.].) Because Gooch was ordered into the Delancey Street Foundation, a Los Angeles residential treatment program, the case was transferred to Los Angeles County for probationary supervision.

Gooch entered the residential treatment program at the Delancey Street Foundation on May 12, 2008. (*People v. Gooch* (April 19, 2011, B220982) [nonpub. opn.].) He was terminated from the program on May 15, 2009 based on an allegation by the victim that he had electronic contact with her. (*Ibid.*) Thereafter, the Los Angeles trial court revoked his probation and imposed the previously stayed six-year state prison sentence after finding Gooch had caused an instant messaging communication to be sent to the victim's e-mail account, in violation of the no-contact order, during his stay at the residential treatment program. (*Ibid.*)

Gooch appealed; and this court reversed the order revoking probation and imposing the previously stayed sentence after concluding there was insufficient evidence to support the trial court's finding. (*People v. Gooch* (April 19, 2011, B220982)

---

[1] Gooch filed an appeal from the judgment and from orders denying motions to terminate the protective order and to modify his six-year sentence. In unpublished opinions, our colleagues in Division Six affirmed the judgment in the first appeal (*People v. Gooch*, Aug. 4, 2009, B209105) and dismissed the second consolidated appeals as from nonappealable orders (*People v. Gooch*, May 8, 2012, B230500, B230448 (consolidated)).

[nonpub. opn.].) We take judicial notice of the record in that case. (Evid. Code, §§ 452, subd. (d), 459.)

At the completion of the October 6, 2011 hearing on remand, the trial court reinstated Gooch's probation on the same terms and conditions "nunc pro tunc to November 4, 2009," the date his probation was formally (as opposed to summarily), revoked.

Gooch appealed, contending the trial court violated his constitutional rights in denying his request for a supplemental probation report before deciding to reinstate him on probation, and abused its discretion in denying Gooch's alternative request to modify the conditions of probation. Gooch also seeks to have the minute order of the October 6, 2011 hearing amended to reflect that his probation expires on May 8, 2013.

## PROCEDURAL BACKGROUND

At the hearing on remand, Gooch appeared with counsel in the trial court for further proceedings in accordance with the reversal of the probation revocation. By this time, Gooch was no longer in custody, having completed his state prison sentence.

Defense counsel requested that the trial court order a supplemental probation report pursuant to Penal Code section 1203 before determining what the terms of Gooch's reinstatement on probation should be, given the length of time and "all the things that have changed" since Gooch was placed on probation two years earlier. The trial court refused, stating it intended to reinstate probation on the same terms and conditions, and a supplemental probation report was unnecessary in view of the appellate court's ruling.

Counsel then asked the trial court to delete the conditions of probation that Gooch complete a residential alcohol and drug treatment program and submit to periodic testing and reporting as required by the probation department. Counsel argued these conditions were "inappropriate" because Gooch had served his state prison sentence and was currently employed as the manager of a residential alcohol and drug treatment facility. Counsel maintained that if these conditions were not deleted, Gooch would be

3

"essentially on the hook for another year of residential treatment." Counsel provided the court with a letter from Gooch's employer, Cwest Sober Living, in which the owner, Max Russo, described Gooch's duties in overseeing the activities of the facility's twelve residents, and expressed pleasure with Gooch's job performance.

In denying counsel's request for a modification of Gooch's probation, the trial court stated, "I think that the original terms and conditions, including the terms of his residential treatment, should be in full force and effect. I don't think that he's receiving the treatment that we had in mind while he was in state prison." The trial court's oral pronouncement at the October 6, 2011 hearing properly vacated the probation revocation and imposition of the state prison sentence as directed by this court. [2]

## DISCUSSION

*The Trial Court Abused its Discretion by Failing to Order a Supplemental Probation Report*

Gooch contends the trial court's failure to order a supplemental probation report denied him his due process right to a fair hearing, first because of the time lapse between the previous supplemental probation report of November 2009 and the hearing on remand on October 6, 2011, and second, because it resulted in an uninformed decision by the trial court.

When a defendant is eligible for probation, he is ordinarily entitled to a supplemental probation report whenever a new sentence will be pronounced, such as on remand after a sentence is reversed on appeal (*People v. Rojas* (1962) 57 Cal.2d 676,

---

[2] The minute order indicates only the imposition of sentence was vacated; it does not state the order revoking probation was vacated as well. The parties do not dispute the oral pronouncement controls over the clerk's minute order. Any discrepancy between the two is presumed to be clerical error in the minute order (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Mesa* (1975) 14 Cal.3d 466, 471), which can be corrected at any time to reflect the court's oral pronouncement. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 183, 185-188.) Accordingly, we order the minute order corrected to reflect the trial court's order revoking probation was vacated.

679-682 ["We can only conclude that the Legislature intended, with each contemplated pronouncement of judgment and the concurrent determination of whether to grant or deny probation where an accused is otherwise eligible, that a defendant is entitled to have a current report before the trial judge" (construing former § 1203, now § 1203, subd. (b)(1))]; § 1203d.) Additionally, if a substantial period of time has elapsed between the defendant's original sentencing hearing and his or her resentencing hearing, the defendant is entitled to an updated probation report. (See also Cal. Rules of Court, rule 4.411(c), Advisory Com. com. ["Subdivision (c) is based on case law that generally requires a supplemental report if the defendant is to be resentenced a significant time after the original sentencing, as, for example, after a remand by an appellate court . . . ."]; *People v. Cooper* (1984) 153 Cal.App.3d 480, 482-483; *People v. Mariano* (1983) 144 Cal.App.3d 814, 821-822). Moreover, in *People v. Tatlis* (1991) 230 Cal.App.3d 1266, 1273, our colleagues in Division One concluded the decision to order a current probation report on remand for resentencing when a defendant is ineligible for probation was within the trial court's discretion, but where the defendant's request of an updated report suggests it will reveal mitigating factors for the trial court to consider, there should be a good countervailing reason for the trial court to deny the request.

The trial court was not mandated to order a supplemental probation report because Gooch's case was not remanded for resentencing. The purpose of the October 6, 2011 hearing was not to restore Gooch to his original position, as if he had never been sentenced, which would have afforded him the right to a probation report to assist the trial court in determining whether probation was appropriate, and if not, what sentence to be imposed. (See *People v. Mercant* (1989) 216 Cal.App.3d 1192, 1195 [supplemental report required where "by reversing a defendant's sentence, the court restores the defendant to his original position as if he had never been sentenced."].)

The trial court, however, did have significant alternatives to consider on remand. Although respondent asserts, and the trial court apparently believed, that this court ordered reinstatement of probation, the remand required only reversal of the prior order. As a result, the trial court had the option of ordering early termination of probation

5

(Pen. Code, § 1203.3.), modifying the terms of Gooch's probation (*ibid.*), or terminating probation in light of the fact that Gooch had served his entire prison term as a result of the order which we reversed. Of these, counsel requested modification, which the court declined to do.

In light of these available choices, the significant time that had passed since the initial sentencing proceedings, and Gooch's apparent rehabilitation, the court was without the information necessary to consider Gooch's request for modification. (*People v. Rojas, supra*, 57 Cal.2d at p. 682 ["[T]he overall purpose and objectives of the law relating to probation are more completely accomplished by requiring current investigations and reports."]; *People v. Tatlis, supra*, 230 Cal.App.3d at p. 1273.)

Gooch's reasons for seeking a supplemental probation report were not satisfied during the brief hearing conducted in this case. While the trial court was aware that after being granted probation, Gooch completed one year of residential treatment, and that after having his probation revoked, Gooch served his state prison sentence, achieved sobriety and secured gainful employment, no information was before the court regarding any program in which Gooch had participated while in prison that resulted in his achieving sobriety. Thus, although the court's stated reason for refusing modification of the residential program requirement turned exclusively on treatment, the trial court was without any information in making that decision. Moreover, the trial court had no information with respect to the continuing need for other terms of probation, which it appeared not to consider.[3]

---

[3] The trial court, in exercising its discretion, could have discharged Gooch from the remaining term of probation in light of the fact that he had served the term of imprisonment that was the alternative to probation (See, e.g. *People v. Latham* (1988) 206 Cal.App.3d 27, 29). In effect, Gooch has been left to fulfill all of the terms of probation as well as incarceration, because his probation was revoked without sufficient evidence.

## DISPOSITION

The order is reversed, and the matter remanded to determine whether Gooch should be discharged from probation, or the terms of probation modified.


ZELON, J.


We concur:


WOODS, Acting P. J.


JACKSON, J.