Filed 1/27/14  P. v. Wade CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>CLENARD C. WADE,<br><br>　　　　Defendant and Appellant. | A137316<br><br>(Contra Costa County<br>Super. Ct. No. 05-080361-9) |

Clenard C. Wade was convicted by a jury of grand theft, battery causing serious bodily injury, criminal threats, assault by force likely to produce great bodily injury, and false imprisonment.  In an earlier appeal, we reversed the judgment with directions as to the grand theft conviction, remanded on an issue of presentence conduct credits, and otherwise affirmed the judgment.  (*People v. Wade* (2012) 204 Cal.App.4th 1142 (*Wade I*).)

In this second appeal, Wade challenges the trial court's November 30, 2012 resentencing order.  Wade contends the trial court should have ordered a supplemental probation report before resentencing, and that the court should have resentenced him on all counts instead of limiting resentencing to the one count reversed in the first appeal.  We affirm.

### I.　BACKGROUND

Because this appeal only involves sentencing issues, it is unnecessary to detail the underlying facts.  Suffice it to say the judgment of conviction involved Wade's threats and acts of violence against two victims, Jane Doe I and Jane Doe II.  The judgment of

1

conviction resulted in an initial sentence of 33 years eight months to life, consisting of a term of 25 years to life on count 15 (false imprisonment by violence, Pen. Code, §§ 236, 237, subd. (a)),[1] concurrent terms of 25 years to life on count 2 (battery causing serious bodily injury, §§ 242, 243, subd. (d)) and count 8 (criminal threats, § 422), a concurrent term of three years on count 10 (assault by force likely to cause great bodily injury, § 245, subd. (a)(1)), a consecutive term of eight months on count 1 (grand theft, § 487), and eight additional years on four enhancements. (*Wade I, supra,* 204 Cal.App.4th at pp. 1145–1146.)

As pertinent here, Wade's first appeal resulted in the reversal of his grand theft conviction (§ 487). (*Wade I, supra,* 204 Cal.App.4th at pp. 1150–1153.) Our disposition states: "The judgment on count 1 is reversed with directions as follows: If the People do not bring the defendant to trial within 60 days after the filing of the remittitur in the trial court pursuant to section 1382, the trial court shall proceed as if the remittitur constituted a modification of the judgment to reflect a conviction of petty theft (§§ 484, 488) and shall resentence the defendant accordingly, including the determination of presentence conduct credits. [Citation.] Following resentencing, the trial court is directed to send an amended abstract of judgment to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed." (*Id.* at p. 1153.)

The People apparently elected not to retry Wade on count 1. At the November 30, 2012 resentencing hearing, defense counsel asserted that this court's disposition in *Wade I* entitled Wade to resentencing on *all* counts. Counsel indicated his intent to ask the trial court to strike one or more strikes and to impose a sentence without a life term. Counsel further insisted that Wade was entitled to a supplemental probation report under California Rules of Court, rule 4.411,[2] and requested that the court direct the probation department to conduct an investigation into Wade's behavior and performance in prison during the three years subsequent to the original sentencing. Defense counsel made an

_____

[1] All further section references are to the Penal Code.

[2] All further rule references are to the California Rules of Court.

2

offer of proof that he believed Wade's prison performance since 2009 had been good, without any disciplinary issues.

The People, and the trial court, disagreed with defense counsel about the scope of resentencing following remand. The trial court determined it lacked jurisdiction to order a supplemental probation report, or to resentence Wade on counts other than the theft count. The court stated that even if it had the authority and discretion to do so, it would decline to exercise its discretion in the manner urged by defense counsel. Proceeding to "the one count that has been affected by the appeal," the trial court directed that count 1 be reduced to petty theft (§§ 484, 488) and that the sentence be credit for time served as to that count,[3] with the sentence as to all other counts remaining the same. Thus, Wade was sentenced to 33 years to life. This appeal followed.

## II.  DISCUSSION

Wade raises four interrelated contentions. First, he argues the trial court had jurisdiction, and a duty, under rule 4.411 to order a new probation report. Second, Wade maintains the trial court had jurisdiction to reconsider all sentencing options following remand. Third, he asserts the trial court had a duty to consider the possibility of a different sentence on remand in light of an updated probation report. Finally, Wade urges a remand of the case with directions to obtain an updated probation report and to resentence Wade on all counts.

A.  *The Trial Court Properly Understood the Scope of Resentencing*

The premise underlying all, or at least the final three, of Wade's arguments is the notion that this court's disposition of the prior appeal required or permitted the trial court to resentence Wade on all counts. However, as the trial court appropriately recognized, this court's directions upon disposition of the prior appeal were more limited.

Following issuance of the remittitur in a criminal appeal, "the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by*

---

[3] The minutes from the resentencing hearing reflect a six month jail sentence on count 1, with credit for time served.

3

*the appellate court.*"  (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366.)  "The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.  [Citations.]"  (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655.)  "[T]he rule requiring a trial court to follow the terms of the remittitur is jurisdictional in nature.  [Citation.]  The issues the trial court may address in the remand proceedings are therefore limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a particular determination, the trial court is not authorized to do so.  [Citations.] [¶] . . . In short, when an appellate court remands a matter with directions governing the proceedings on remand, 'those directions are binding on the trial court and *must* be followed.  Any material variance from the directions is unauthorized and void.'  [Citation.]"  (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859–860.)

The directions contained in the disposition of Wade's first appeal provided that if the People did not retry Wade on the grand theft count, the trial court was to "proceed as if the remittitur constituted a modification of the judgment to reflect a conviction of petty theft (§§ 484, 488) and *shall resentence the defendant accordingly . . . .*"  (*Wade I, supra,* 204 Cal.App.4th at p. 1153 & fn. 5, italics added.)  By the italicized language, this court conveyed its intent to limit resentencing to the petty theft conviction.  The trial court properly understood this when it resentenced Wade, and we find no merit to Wade's arguments to the contrary.

B.     *The Trial Court Committed No Reversible Error by Declining to Obtain a Supplemental Probation Report*

Turning to Wade's contention that the trial court had a duty to order a supplemental probation report, Wade relies on two provisions of rule 4.411.  He first cites rule 4.411(b), which states that "[e]ven if the defendant is not eligible for probation, the court should refer the matter to the probation officer for a presentence investigation and

4

report."[4] He next points to rule 4.411(c), which provides that the court "must order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared."

The original probation report was prepared on June 17, 2009, and Wade's resentencing on November 30, 2012, occurred more than three years later, bringing Wade within the ambit of rule 4.411(c). (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 181 [observing that the Advisory Committee Comment to rule 4.411 "suggests that a period of more than six months may constitute a significant period of time"].) Although rule 4.411(c) is couched in mandatory terms, that rule has been interpreted as requiring a supplemental probation report only where the defendant is eligible for probation. (*People v. Johnson* (1999) 70 Cal.App.4th 1429, 1432 [decided under former rule 411(c)].) Where, as here (see fn. 4, *ante*), a defendant is ineligible for probation, obtaining a supplemental report remains discretionary with the trial court. (*People v. Johnson,* at p. 1432.)

Where ordering a current probation report on remand for resentencing is discretionary, the court's discretion is narrowed by the use of the word "should" in rule 4.411, which "connotes strong encouragement, the indication of the preferred practice. Hence, while the court has discretion to deviate from the preferred practice, it must have a sound reason for doing so. [¶] . . . [¶] . . . Most assuredly, the court must have some substantial basis for [denying defendant's request for a current probation report]; there must be far more than a subjective desire to avoid information which might require consideration of something other than a maximum sentence. Anything less deprives a defendant of his or her due process right to have the court exercise *informed* sentencing discretion. [Citations.]" (*People v. Tatlis* (1991) 230 Cal.App.3d 1266, 1273–1274 [decided under former rule 418].)

---

[4] Wade's argument implicitly concedes he is not eligible for probation, as the trial court determined at the initial sentencing hearing held on July 31, 2009, based on sections 667, subdivision (c)(2) and 1170.12, subdivision (a)(2).

Here, after Wade requested a supplemental probation report at the resentencing hearing, the trial court contemplated that it had discretion to order such a report before denying Wade's request. On this record, the trial court did not abuse its discretion, but even if it did, any error would not require reversal under the harmless error standard. (*People v. Dobbins, supra,* 127 Cal.App.4th at p. 182, citing *People v. Watson* (1956) 46 Cal.2d 818, 834–836.)

In analyzing both questions, we remain mindful that a supplemental probation report necessarily could have been utilized only within the narrow scope of our remand, limiting resentencing to the petty theft conviction. The resentencing proceedings were limited and did not, as urged by Wade, involve a reconsideration of the balance of Wade's sentence, including whether or not the court should exercise its discretion to strike Wade's prior strikes.

Wade's counsel made an offer of proof during the resentencing hearing that Wade's prison performance since 2009 has been good and discipline free. Because the trial court was aware of this uncontested offer of proof at the time of sentencing, we cannot agree that it failed to "exercise *informed* sentencing discretion." (*People v. Tatlis, supra,* 230 Cal.App.3d at p. 1274.) Wade does not point to any other favorable information that would have been included in a supplemental probation report. As previously noted, Wade received a six-month jail term for the misdemeanor petty theft, with credit for time served. Wade does not suggest how any information encompassed in an updated probation report, or in his offer of proof, would have resulted in a more lenient sentence. Additionally, the judge who resentenced Wade was the same judge who originally sentenced Wade after reviewing the original probation report. (See *People v. Dobbins, supra,* 127 Cal.App.4th at p. 183.)

Under the circumstances, we are not persuaded that the trial court erred in denying Wade's request for a supplemental probation report. Even assuming denying Wade's request was error, we find no reasonable possibility a supplemental probation report would have affected the court's very limited sentencing discretion on remand.

### III. DISPOSITION

The judgment is affirmed.

_____
Bruiniers, J.

We concur:

_____
Jones, P. J.

_____
Simons, J.