Filed 11/22/21  P. v. Aldaco CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LIZETH YESENIA ALDACO,<br><br>Defendant and Appellant. | F080735, F080737<br><br>(Super. Ct. Nos. BF175103B, BF167017B)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Lizeth Yesenia Aldaco was convicted of drug and firearm offenses in Kern County case No. BF167017B and assault by means of force likely to produce great bodily injury in Kern County case No. BF175103B. She was granted probation on both cases. The trial court later found defendant to have violated the terms of her probation and sentenced her to an aggregate term of nine years in prison. On appeal, defendant contends the trial court (1) did not understand that it had the discretion to reinstate defendant on probation, (2) erred in failing to order an updated probation officer's report, and (3) improperly imposed a larger restitution fine in case No. BF167017 at sentencing for defendant's violation of probation than was imposed at her original sentencing. The People agree that the trial court misunderstood its discretion to reinstate defendant on probation. However, the People contend that we need not resolve the second and third issues because the sentence must be vacated and the matter remanded for resentencing. We vacate defendant's sentence and remand the matter for resentencing. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On June 16, 2017, the Kern County District Attorney filed an information in Kern County Superior Court case No. BF167017 charging defendant, along with two codefendants,[1] with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 1), possession of a firearm by a prohibited person (Pen. Code, § 29820;[2] count 2), carrying a loaded firearm on her person in public or in a vehicle (§ 25850, subd. (c); count 4), and possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 5). As to counts 1 and 5, the information alleged defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and while personally armed with a firearm (§ 12022, subd. (c)).

[1] The codefendants in case No. BF167017 are not parties to this appeal. Count 3 of the information in that case was alleged only against one of the codefendants.

[2] All further statutory references are to the Penal Code unless otherwise stated.

On February 6, 2019, the Kern County District Attorney filed an information in Kern County Superior Court case No. BF175103 charging defendant, along with another codefendant,[3] with residential burglary (§ 460, subd. (a); count 1) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2). As to count 1, the information further alleged that the residence was inhabited at the time of the burglary (§ 667.5, subd. (c)(21)).

On April 2, 2019, the jury in case No. BF167017 found defendant guilty on counts 1, 2, 4, and 5, and found the firearm and gang allegations true as to counts 1 and 5.

On April 3, 2019, pursuant to a plea agreement, defendant pled no contest to count 2 in case No. BF175103. In exchange, the trial court dismissed count 1 on the prosecutor's motion and indicated that it would grant defendant probation.

On May 23, 2019, the trial court sentenced defendant in case No. BF167017 to a total term of nine years as follows: on count 1, three years (the middle term), plus three years for the gang enhancement and three years for the firearm enhancement; on counts 2 and 4, two years (the middle term), stayed pursuant to section 654; and on count 5, two years (the middle term), plus three years for the gang enhancement, and three years for the firearm enhancement, stayed pursuant to section 654. The court then suspended execution of the sentence, granted defendant probation for three years, and required her to serve the first year of her probationary term in local jail. On the same date, the court sentenced defendant in case number BF175103 to a term of one year (one-third of the middle term), consecutive to the sentence imposed in BF167017. The court then suspended execution of the sentence, granted defendant probation for three years, required her to serve the first 60 days of her probationary term in local jail, and granted her credit for time served. The court further ordered the term of defendant's

---

[3] The codefendant in case No. BF175103 is not a party to this appeal. Counts 3 and 4 of the information in that case were alleged only against the codefendant.

probation in case No. BF175103 to run concurrently to the term of probation ordered in case No. BF167017.

On September 24, 2019, November 12, 2019, November 22, 2019, and January 15, 2020, the probation officer requested that the court revoke defendant's grant of probation in case No. BF175103 based on the commission of new violations of law on September 11, 2019, November 8, 2019, and January 14, 2020, defendant's failure to enroll in required classes, and defendant's failure to comply with the Global Positioning System (GPS) monitoring condition.

On September 25, 2019, the trial court revoked defendant's probation.

On January 21, 2020, the trial court held a contested evidentiary hearing regarding defendant's violation of probation. At that hearing, the court found that defendant had violated the terms of her probation as to case Nos. BF167017 and BF175103.

On January 29, 2020, the trial court sentenced defendant to the nine-year term originally imposed and suspended in case No. BF167017 and imposed a concurrent three-year term in case No. BF175103.

On January 30, 2020, defendant filed a notice of appeal.

## DISCUSSION[4]

### A. Sentencing Discretion

Defendant contends that the trial court misunderstood its sentencing discretion. The trial court indicated that its "hands [were] tied" regarding the nine-year sentence in case No. BF167017; it did not believe that it had the authority to "decline to follow the original sentence that was suspended," and defendant was "stuck with [the] suspended sentence." Defendant contends that the trial court had the discretion to "reinstate[] probation on the same terms, reinstate[] probation with modified terms, or terminate[] probation and impose[] the originally suspended sentence. Because the trial court did not

---

**4** The facts underlying defendant's convictions and probation revocation are irrelevant to the parties' arguments and are therefore omitted from this opinion.

understand that discretion, defendant argues, it failed to exercise informed discretion. The People agree, as do we.

### 1. Additional Background

At the January 29, 2020 sentencing hearing for defendant's violation of probation, the trial court noted that it had sentenced defendant to a suspended sentence in case No. BF167017. It therefore expressed its "legal opinion … that [its] hands [were] tied as to [defendant] as far as nine years. That was a suspended sentence[;] … if there's a violation for whatever reason, that[ is] what she gets." The court did not believe that it had the discretion to "decline to follow the original sentence that was suspended." The trial court stated that it was unaware of any authority that would allow it to deviate from the suspended sentence. The court further noted that its "only discretion would be to run [the sentence in case No. BF175103] concurrent" to the sentence in case No. BF167017.

### 2. Analysis

" ' " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " ' " (*People v. Morrison* (2019) 34 Cal.App.5th 217, 224.) Unless the trial court makes a statement to the contrary, we generally presume the court was aware of and correctly applied the law. (Evid. Code, § 664; *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527; *People v. Mosley* (1997) 53 Cal.App.4th 489, 496.)

> "In [*People v. Howard* (1997) 16 Cal.4th 1081 (*Howard*)], the California Supreme Court addressed whether, after a probationer has been rearrested, a trial court has discretion in a proceeding 'revoking probation, to reduce a probationer's previously imposed but suspended sentence.' [Citation.] In resolving this issue, the *Howard* court relied on the 'important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously

5.

imposed sentences.' [Citation.] The *Howard* court explained that when a trial court suspends *imposition* of a sentence before placing a defendant on probation, the court has full sentencing discretion when revoking probation. [Citation.] However, the *Howard* court further concluded that when a trial court suspends *execution* of sentence, section 1203.2, subdivision (c) restricts a court's authority to impose a sentence different from that previously imposed." (*People v. Camp* (2015) 233 Cal.App.4th 461, 471, fn. omitted.)

The *Howard* court further explained the discretion granted by section 1203.2, subdivision (c): "on revocation and termination of probation, [a trial court may] either (1) … revoke the *suspension of sentence* and commit the probationer to prison for the term prescribed in the suspended sentence, or (2) … decline to revoke the suspension or to order confinement. If the court does order a prison commitment, however, … section 1203.2, subdivision (c) … set[s] forth the rule that the previously suspended judgment shall 'be in full force and effect.' " (*Howard*, *supra*, 16 Cal.4th at p. 1094; accord, *People v. Bolian* (2014) 231 Cal.App.4th 1415, 1420–1421.)

Here, the trial court had the discretion to commit defendant for the term set in the suspended sentence or reinstate defendant on probation (on the same terms or modified terms). While we normally presume that a trial court understands the scope of its discretion, based on the court's statements that its only discretion in this situation related to whether to impose terms concurrently or consecutively, we conclude that the court did not understand the scope of its discretion. We therefore vacate defendant's sentence and remand for the court to exercise informed discretion.[5]

---

[5] We offer no opinion on how the trial court should exercise its discretion. However, we note that if the court elects to reinstate defendant on probation, it should consider that, effective January 1, 2021, Assembly Bill No. 1950 (2019–2020 Reg. Sess.) amended section 1203.1 (Stats. 2020, ch. 328, § 2) to limit the maximum probation term a trial court is authorized to impose for most felony offenses to two years. (§ 1203.1, subds. (a) & (m).)

**B. Updated Probation Report**

Because we vacate the sentence and remand, we need not decide whether the trial court abused its discretion in failing to order preparation of an updated probation report.

As defendant correctly notes, on remand, a trial court must order preparation of a supplemental report "if a significant period of time has passed since the original report was prepared" (Cal. Rules of Court, rule 4.411(a)) and has the discretion to order preparation of a supplemental probation report for investigation of facts pertaining to sentencing or to help inform its exercise of discretion in sentencing. (*People v. Tatlis* (1991) 230 Cal.App.3d 1266, 1273 [ordering an updated probation report is the "preferred practice"]; see *People v. Yanaga* (2020) 58 Cal.App.5th 619, 625–626).

**C. Section 1202.4 Restitution Fine**

At the original sentencing hearing on May 23, 2019, the trial court imposed a $300 restitution fine in case No. BF167017 and a $300 restitution fine in case No. BF175103, both pursuant to section 1202.4, subdivision (b); it also imposed and stayed a $300 probation violation restitution fine in case No. BF167017 and a $300 probation violation restitution fine in case No. BF175103, both pursuant to section 1202.44. At the sentencing hearing on January 29, 2020, after the court found defendant violated probation, the trial court "ordered [defendant] to pay the restitution fine as previously ordered on May 23[], 2019, in the amount of $600 …. [¶] The [c]ourt [further] impose[d] the previously suspended revocation fine of $600 under section 1202.44 …."

As previously noted, "[i]f the court does order a prison commitment [in a case in which a judgment was imposed and suspended], … section 1203.2, subdivision (c) … set[s] forth the rule that the previously suspended judgment shall 'be in full force and effect.'" (*Howard*, *supra*, 16 Cal.4th at p. 1094.) The fines imposed must therefore be exactly the same. On remand, if the trial court orders execution of defendant's suspended

7.

sentence, it must clarify that it is imposing the exact sentence, including all fees, fines, and costs, imposed on May 23, 2019.

## **DISPOSITION**

Defendant's sentence is vacated and the matter is remanded for resentencing.