[Crim. No. 3797.   First Dist., Div. Two.   Nov. 2, 1960.]

THE PEOPLE, Respondent, v. ELLA MAE MILLER, Appellant.

Ruth Jacobs for Appellant.

Stanley Mosk, Attorney General, and Miriam E. Wolff, Deputy Attorney General, for Respondent.

SHOEMAKER, J.—This is an appeal by defendant Ella Mae Miller from the judgment of the trial court after remand by the Supreme Court in the case of *People* v. *Wade,* 53 Cal.2d 322 [1 Cal.Rptr. 683, 348 P.2d 116]. Upon her original trial defendant Ella Mae Miller pleaded guilty to attempted robbery in the first degree and murder in the first degree. The cause was referred to the probation officer for his action, who filed his report, and the matter then came on for pronouncement of judgment and consideration of the motion for probation. The court denied probation and sentenced defendant to the state prison for life. Defendant appealed and the Supreme Court reversed the judgment and stated at page 339: "[A]s to defendant Miller, the order denying a new trial is affirmed. Since the record discloses that the trial court, without considering the merits of the application for probation, erroneously determined that she was not eligible for probation, the judgment as to her is reversed, and the cause remanded for further proceedings in accordance with law, and with specific directions to the trial court to entertain the application for probation and grant or deny the same as may appear proper under all the circumstances.

At the hearing on the remand held February 17, 1960, the trial court again denied defendant's motion for probation and pronounced judgment sentencing her to imprisonment in the state prison for life.

■ Defendant's first contention is that the trial court abused its discretion in refusing her probation without first determining whether the statutory requirements for probation were present; that is, whether or not she had been armed with a deadly weapon at the time of the commission of the felony. This would have been an idle act on the part of the trial court for the matter had been determined by the Supreme Court when it stated that defendant was eligible for probation and remanded the case for consideration of probation. (*People* v. *Wade, supra,* at p. 338.) The proceedings before the trial court show clearly that the judge thereof was well aware that defendant was eligible for probation if found worthy.

Defendant next contends that the trial court by denying probation exercised its discretion in an arbitrary manner and thereby denied her due process of law under the Constitutions of the State of California and the United States. ■ We remind the defendant that probation is not an absolute right to which a convicted person is entitled, but it is an act of grace and clemency on the part of the court (*People* v. *Jackson* (1948), 89 Cal.App.2d 181 [200 P.2d 204]) and that the privilege does not have its basis in either the Constitution of California or of the United States but exists by reason of statutes creating it. The defendant points to the trial judge's statement that the Supreme Court had been mistaken in assuming she had not read the report and asserts that, being in such a frame of mind, the judge could not fairly exercise discretion. We do not agree that the judge's frame of mind, with regard to the Supreme Court's conclusions, affected her ability to exercise the judicial discretion required of her.

■ The defendant complains further that the refusal of the trial judge to explain the basis of the prior denial of probation other than observing that in the exercise of her discretion the judge felt the defendant did not warrant probation itself constituted an abuse of discretion. There is no requirement that a judge explain the basis of discretionary action. The word itself means "individual judgment." (Webster's New International Dictionary, 2d ed., p. 745.) ■ On this hearing held after remand the trial judge indicated she had read and considered the probation report and at the conclusion of the hearing denied probation. The transcript is

devoid of any matter presented on this appeal which demonstrates an abuse of discretion. Therefore the denial of probation cannot be disturbed, since an appellate court may not substitute its opinion for that of the trial court. (*People* v. *Jackson, supra.*)

The defendant lastly contends that the trial court erred in not referring the matter to the probation officer for a current report. During the hearing the defendant advised the court she had unsuccessfully attempted to obtain a report of defendant's activities and rating from the prison, the defendant having been confined from the time of the original sentencing, and thought it might be helpful if the judge obtained such information. The probation report used at the rehearing was the original one in the case and was approximately one year old. Penal Code, section 1203, requires immediate referral of cases eligible for probation to a special officer for a report. This was done in the original proceeding. The section requires consideration of the report before disposal of the matter. This was done on remand. It does not appear to us that a new and current probation report is required under the circumstances of this case. The section does not require a current report and, in any event, the trial judge stated that she would assume the defendant's conduct had been good during her incarceration and that any report would be favorable as to her progress during confinement. It is difficult to imagine how defendant could have been prejudiced by not having another or current report before the court.

We conclude the trial court has carried out its duties in accordance with the directions of the Supreme Court, and there being no abuse of discretion, the judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.