[Crim. No. 14125. Third Dist. Oct. 14, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY LLOYD WEBB, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, the Reporter of Decisions is directed to publish all portions of this opinion except Parts III, IV, V, and VI.

COUNSEL

John McDougall, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Esteban Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SPARKS, J.**—This case poses two questions. The first is whether a supplemental probation report is mandatory upon a remand for resentencing when the defendant is ineligible for probation. Parting company with our brethren in the Fifth District, we hold that it is not. The second is whether defendant can challenge his plea bargain on appeal on the ground that it violates the prohibition of Penal Code section 1192.7. For a variety of reasons we hold that he cannot.

This is the second time defendant Larry Lloyd Webb has been before us on appeal. The first appeal followed defendant's sentence to state prison for 60 years upon his guilty pleas to two counts of forcible rape (Pen. Code, § 261, subd. (2); further undesignated statutory references are to the Penal Code), three counts of forcible oral copulation (§ 288a, subd. (c)), two counts of forcible lewd and lascivious conduct upon a child under the age of 14 (§ 288, subd. (b)), two counts of lewd and lascivious conduct on a child under the age of 14 (§ 288, subd. (a)), with findings that in each offense defendant was personally armed with a deadly weapon (§ 12022.3), and that he had suffered a prior conviction for forcible lewd and lascivious conduct with a child, a serious felony (§ 667, 1192.7, subd. (c)). In our previous opinion we affirmed the judgment of conviction but remanded for resentencing. (*People* v. *Webb* (June 6, 1984) 3 Crim. 12857 [nonpub. opn.].) On remand defendant was sentenced to state prison for 59 years. Still dissatisfied, defendant again appeals. In the published portion of this opinion we consider and reject defendant's contentions that the trial court erred in failing to obtain a supplemental probation report and in accepting his plea bargain. We review the remaining contentions in the unpublished part of this opinion, find them unpersuasive and consequently affirm the judgment.

### FACTS

The factual bases for defendant's convictions were fully set forth in our previous opinion and need be only outlined here. This prosecution arose out of the August 5, 1982, sexual attack by defendant against two sisters Page who was 17-years-old, and Foy who was 13-years-old. Defendant lured the girls to his apartment on a pretext. Page arrived first, whereupon defendant pulled her hair, held a knife to her throat, and threatened to kill her. He forced her to undress and sit with her genital area exposed. He gave her a razor and ordered her to shave her pubic hair. When Page mentioned that her sister would be coming to the apartment defendant bound Page with electrical wire. When Foy arrived defendant held the knife to her throat

forced her to untie Page and forced her to undress and sit with her genital area exposed.

After capturing the girls defendant engaged in a number of violent sexual offenses. He forced Page to perform an act of oral copulation and ordered Foy to watch, advising that she was next. He forced Foy to engage in oral copulation and when she choked he forced Page to repeat an act of oral copulation while he ran his knife along Foy's breasts. Defendant forced Page to bend over and he accomplished an act of rape from behind. He ordered Page to lay on her back and directed Foy to spread Page's legs so that she could watch. He accomplished another act of rape during which he ordered Foy to fondle Page's breasts. When he ejaculated defendant forced the girls to sit on a vanity while he debated whether to kill them. As he did so he ordered Foy to place her finger into her vagina while he called her vulgar names. The girls ran naked from the apartment when defendant's wife arrived home.

As a result of these criminal acts defendant was charged with two counts of forcible rape in violation of section 261, subdivision (2) (counts VIII and X), three counts of forcible oral copulation in violation of section 288a, subdivision (c) (counts IV, VI, and VII), two counts of lewd and lascivious conduct on a child under the age of 14 by force or violence in violation of section 288, subdivision (b) (counts III and XI), two counts of lewd and lascivious conduct on a child under the age of 14 in violation of section 288, subdivision (a) (counts V and IX), one count of child molestation with a prior conviction for a violation of section 288, a felony under section 647a (count II), and one count of assault with a deadly weapon in violation of section 245, subdivision (a) (count I). With the exception of the assault and the child molestation charges, each count further alleged that during the commission of the offense defendant was personally armed with a deadly weapon, a knife, within the meaning of section 12022.3. It was alleged that defendant had suffered a prior conviction for lewd and lascivious conduct upon a child by force, a serious felony within the meaning of sections 667, subdivision (a) and 1192.7, subdivision (c).

Defendant entered into a plea bargain by which he agreed to plead guilty to counts III through XI of the information and to admit the enhancement allegations and to accept a prison term of 60 years. The prosecutor agreed to dismiss counts I and II of the information. In addition, it appeared that there had been previous charges of kidnapping and rape filed against defendant which were dismissed when the victim left town. The victim had been located and agreed to testify, and as part of the bargain the prosecutor agreed not to refile those charges. The prosecutor stated that unless defendant were to receive a 60-year prison sentence the People would not bargain but

would try this case and the other matter. The trial court had previously indicated that it would be disposed to impose a sentence of 59 to 65 years, and it agreed to the 60-year sentence as part of the bargain. Defendant entered pleas of guilty to counts III through XI, admitted the enhancement allegations, and was sentenced to 60 years in state prison. On defendant's first appeal we affirmed the judgment of conviction, but remanded the matter for resentencing. On remand defendant was sentenced to 59 years in prison, which the prosecutor accepted as substantially providing the benefit of the People's bargain. Defendant once again appeals.

### DISCUSSION

### I

Section 1203, subdivision (b) provides in relevant part that "in every case in which a person . . . is eligible for probation, before judgment is pronounced, the court shall immediately refer the matter to the probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment." Although defendant was not eligible for probation, the trial court originally referred the case to the probation officer before it imposed the first sentence.[1] Despite that referral and the preparation of a probation report before his first sentencing, defendant contends that the trial court committed reversible error in failing, on its own motion, to order the preparation of a supplemental probation report upon remand for resentencing. We begin our analysis of that claim with a review of the few older appellate authorities on the subject.

In *People* v. *Miller* (1960) 186 Cal.App.2d 34 [8 Cal.Rptr. 578], at page 37, the trial court considered the original probation report on remand but did not order a current report. The Court of Appeal held that under the circumstances no error was committed, and that the defendant was not prejudiced by the lack of a current report. In *People* v. *Ware* (1966) 241 Cal.App.2d 143 [50 Cal.Rptr. 252], at page 146, the defendant was ineligible

---

[1]Defendant was ineligible for probation under section 1203.065, subdivision (a). That subdivision reads: "Notwithstanding any other provision of law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person convicted of violating subdivision (2) of Section 261, or Section 264.1, or Section 266h, or Section 266i, or Section 266j, or 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm or subdivision (c) of Section 311.4."

Despite a defendant's ineligibility, the sentencing court has discretion to refer the case to the probation officer for a report (§ 1203, subd. (g)), and is encouraged by the sentencing rules to do so. (Cal. Rules of Court, rule 418.)

for probation unless the court were to find it to be an unusual case, and on remand for resentencing the trial court used the original report without referring the case to the probation officer for a current report. The Court of Appeal held that a supplemental report could not have added anything of significance, and that even if a literal reading of Penal Code section 1203 required such a report the defendant was not prejudiced by its absence. In *People* v. *Ford* (1967) 253 Cal.App.2d 390 [61 Cal.Rptr. 329], at pages 394 and 395, the defendant was ineligible for probation and the trial court was required to sentence him to the term provided by law. The Court of Appeal found no abuse of discretion in the failure to obtain a supplemental probation report.

It was against this judicial background that the landmark case of *People* v. *Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300], was decided. There the two defendants were convicted of receiving stolen property and on appeal the Supreme Court reduced the convictions to attempting to receive stolen property. On remand both the defendants and the prosecutor asked the trial court to refer the matter to the probation officer for further investigation but the court refused. The Supreme Court found error. It noted that section 1203 provides that when the defendant is eligible for probation before any judgment the court must immediately refer the matter to the probation officer for investigation and report. From the use of the word "immediately" the court concluded that in the case of a remand a current referral and report is required. (57 Cal.2d at p. 682.)

Perhaps due to the intricacies of determinate sentencing and the need for more frequent sentencing remands, the issue has once again arisen in various contexts. In *People* v. *Mariano* (1983) 144 Cal.App.3d 814 [193 Cal.Rptr. 47], at page 822, the court held that if a trial court has authority to consider alternative dispositions to imprisonment then it must obtain a supplemental probation report before resentencing. In *People* v. *Savala* (1983) 147 Cal.App.3d 63 [195 Cal.Rptr. 193], at page 70, this court was primarily concerned with a different issue, but in a footnote we rejected the defendant's claim that he was entitled to a new probation report on remand for resentencing. In *Van Velzer* v. *Superior Court* (1984) 152 Cal.App.3d 742 [199 Cal.Rptr. 695], at pages 744 and 745, it appeared that the trial court had obtained a supplemental probation report but upon objection by the prosecutor the court had sealed the documents and refused to consider them. The Court of Appeal issued a peremptory writ of mandate directing the trial court to consider the supplemental materials. In *People* v. *Cooper* (1984) 153 Cal.App.3d 480 [200 Cal.Rptr. 317], at pages 482 and 483, the court, in a brief discussion, held that the defendant was entitled to a supplemental probation report on remand for resentencing.

The question then reached new dimensions in *People* v. *Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21], at pages 6 and 7. There the Fifth Appellate District held that, in light of the statutory and policy justifications identified by the high court in *Rojas,* a supplemental probation report is required on remand for resentencing even where the defendant is completely and unalterably ineligible for probation. In *People* v. *Smith* (1985) 166 Cal.App.3d 1003 [212 Cal.Rptr. 737], at pages 1008 and 1009, the *Brady* district published another opinion agreeing with the *Brady* holding, although in that case the error was compounded by the tardy appointment of counsel who was thereby unable to adequately represent the defendant. In *People* v. *Warren* (1986) 179 Cal.App.3d 676 [224 Cal.Rptr. 746], at pages 687 and 688, the *Brady* district extended the *Brady* holding and held that in a habeas corpus proceeding in which the trial court is asked to exercise discretion whether to strike special circumstance findings under section 1385, a current probation report is required.

In *People* v. *Foley* (1985) 170 Cal.App.3d 1039 [216 Cal.Rptr. 865], at pages 1046 through 1050, this court found our *Savala* footnote unpersuasive and while we did not agree entirely with the reasoning of *Brady,* we noted the obvious utility of a supplemental probation report and followed the *Brady* holding.

This case is factually distinguishable from most of the recent decisions in this area. Defendant was statutorily ineligible for probation and the trial court was not at liberty to alter this under section 1385 or any other provision of law. (§ 1203.065, subd. (a); *People* v. *Hesslink* (1985) 167 Cal.App.3d 781, 793 [213 Cal.Rptr. 465]; *People* v. *Gayther* (1980) 110 Cal.App.3d 79, 86-90 [167 Cal.Rptr. 700].) Defendant entered his pleas pursuant to a plea bargain in which he agreed to accept a set prison term of 60 years. The trial court accepted the bargain and on appeal we affirmed the convictions. We remanded for sentencing clarification, but on remand the trial court's sentencing alternatives were circumscribed by the terms of the bargain. (*People* v. *Orin* (1975) 13 Cal.3d 937, 942-943 [120 Cal.Rptr. 65, 533 P.2d 193].) The trial court made a timely appointment of counsel and defendant was given ample opportunity to call to the court's attention any matter he deemed worthy of consideration. Defendant neither requested referral for a supplemental probation report nor objected to proceeding without one. Although the court apparently did not request the probation officer to prepare a supplemental report, it did send the officer copies of its orders and materials submitted to it by the parties. And the court ordered the probation officer to be present at the hearing on resentencing.

Although these distinguishing facts suggest the possible applicability of the doctrines of waiver of the right to complain on appeal and harmless

error, we decline to decide this case on those grounds. Instead we will simply apply the controlling statutory law. At the time defendant committed his crimes and at the time of his original sentencing, section 1203, subdivision (g) provided: "If a person is not eligible for probation, the judge may, in his discretion, refer the matter to the probation officer for an investigation of the facts relevant to the sentencing of the person. Upon such referral, the probation officer shall immediately investigate the circumstances surrounding the crime and the prior record and history of the person and make a written report to the court of his findings." (Stats 1982, ch. 247, § 1, p. 795.) That subdivision has since been amended to provide that where a restitution fine under Government Code section 13967 is required the probation officer must investigate the facts relevant to the amount of the fine. Nevertheless, with respect to whether the probation officer must investigate facts relevant to sentencing when the defendant is ineligible for probation, the matter is still statutorily entrusted to the discretion of the trial court. ■ The statute could not be more clear and unambiguous and in the absence of constitutional infirmity, and none appears, we must give effect to the legislative intent. (*People* v. *Magill* (1986) 41 Cal.3d 777, 779 [224 Cal.Rptr. 702, 715 P.2d 662]; *People* v. *Wright* (1979) 92 Cal.App.3d 811, 813 [154 Cal.Rptr. 926].) ■ Accordingly, we are constrained to disagree with the decision in *Brady,* and to hold that when a defendant is ineligible for probation a referral to the probation officer is not mandatory but is a matter committed to the sound discretion of the sentencing court.[2]

When the matter is placed in the proper perspective our appellate task is considerably simplified. The question is whether, in light of all the surrounding circumstances, the trial court abused its discretion in failing to order, on its own motion, a supplemental probation report. In view of the factors we have recounted in this case, the answer is clear: there was no abuse of discretion.

## II

■ Defendant next contends that under section 1192.7 the trial court had no jurisdiction to accept his plea bargain. Claiming that the trial court

---

[2]Nothing in the Rules of Court provides otherwise. Rule 418 provides: "Regardless of the defendant's eligibility for probation, the sentencing judge should refer the matter to the probation officer for a presentence investigation and report." In the Rules of Court the word "should" is advisory only and not mandatory like the word "shall." (Cal. Rules of Court, rule 407(a).) For the reasons we identified in *People* v. *Foley, supra,* 170 Cal.App.3d 1039, a current probation report will often, if not usually, have obvious utility in resentencing and a trial court "should" obtain such a report. Nevertheless, by express statutory provision the trial court has discretion in the matter where the defendant is not eligible for probation and on appeal we may interfere only where that discretion has been abused.

engaged in forbidden plea bargaining, defendant now asserts that the judgment of conviction must be set aside.

Section 1192.7, subdivision (a), added to the Penal Code by Proposition 8 at the June 1982 Primary Election, provides: "Plea bargaining in any case in which the indictment or information charges any serious felony or any offense of driving while under the influence of alcohol, drugs, narcotics, or any other intoxicating substance, or any combination thereof, is prohibited, unless there is insufficient evidence to prove the People's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence." Defendant was, of course, charged with several serious felonies. (§ 1192.7, subds. (c)(3), (c)(5), (c)(6).) He argues that this fact deprived the court of jurisdiction to accept his plea bargain.

Defendant's contention cannot be sustained. In the first place, we specifically affirmed the judgment of conviction in the prior appeal and remanded only for resentencing. Defendant cannot now be permitted to make a direct attack upon his convictions. (See *People* v. *Stanworth* (1974) 11 Cal.3d 588, 594-595, fn. 5 [114 Cal.Rptr. 250, 522 P.2d 1058].) Next, defendant did not seek or obtain a certificate of probable cause for appeal pursuant to section 1237.5. He is therefore precluded from raising the issue on appeal. (*People* v. *Marsh* (1984) 36 Cal.3d 134, 140 [202 Cal.Rptr. 92, 679 P.2d 1033].) But even more fundamentally, defendant lacks standing to make a belated challenge on appeal to his plea bargain on the ground that it does not comply with section 1192.7. There are several reasons why a defendant should not be permitted to raise this issue on appeal after entering into a plea bargain and failing to raise the question before the trial court.

▮ First, "it is an elementary rule that ordinarily matters not presented to the trial court and hence not a proper part of the record on appeal will not be considered on appeal." (*People* v. *Brawley* (1969) 1 Cal.3d 277, 294 [82 Cal.Rptr. 161, 461 P.2d 361].) This rule recognizes that an appellate court is in fact a reviewing court and hence should not go outside the record to resolve questions not presented to the trial court. (*People* v. *Pearson* (1969) 70 Cal.2d 218, 221-222, fn. 1 [74 Cal.Rptr. 281, 449 P.2d 217].) "The rule is founded on considerations of practical necessity in the orderly administration of the law and of fairness to the court and the opposite party, and on the principles underlying the doctrines of waiver and estoppel." (5 Cal.Jur.3d, Appellate Review, § 480, p. 118, fns. omitted.) ▮ Those considerations of practical necessity and fairness apply here. Section 1192.7, subdivision (a) does not absolutely prohibit plea bargaining when serious felonies are charged. Plea bargains are statutorily authorized when there is insufficient evidence to prove the People's case, where the testimony of a

material witness cannot be obtained, or where the bargain will not result in a substantial change of sentence. The first two exceptions raise questions going to the prosecution's ability to prove its case and hence are purely evidentiary matters for which a record must be provided before appellate review can be undertaken. ██ The third exception, where the reduction would not result in a substantial change in sentence, was clearly intended to permit plea bargaining where there will not be too much leniency extended to the defendant by the prosecutor and the court. (*People* v. *Cardoza* (1984) 161 Cal.App.3d 40, 45, fn. 4 [207 Cal.Rptr. 388].) ██ In order to establish as a factual matter that the reduction or dismissal resulted in a prohibited substantial change in sentence, defendant must show that he was treated more favorably than the charges would warrant. ██ ██ If he succeeds in making that showing and thus establishes the applicability of section 1192.7, subdivision (a), then the defendant would be confronted with a fundamental rule of appellate procedure which precludes an appellant from raising issues favorable to himself. (*People* v. *Powell* (1949) 34 Cal.2d 196, 205-206 [208 P.2d 974]; *In re Christian J.* (1984) 155 Cal.App.3d 276, 281 [202 Cal.Rptr. 54].) But if the bargain is not favorable and hence does not result in a substantial change in sentence, then the statute is not violated.[3] In other words, if the defendant can show that the bargain was favorable, then he is precluded from raising the issue; if he establishes that it was unfavorable, he has necessarily established that it is not precluded by section 1192.7. Either way the defendant cannot succeed on the issue of an impermissible plea bargain. Although this might appear to be a "Catch 22" predicament, in reality the rule seeks to prohibit a defendant from manipulating the courts by negotiating a plea bargain and then protesting on appeal that his bargain violates the statute.

Principles of estoppel also prevent a bargaining defendant from attacking his plea under section 1192.7. ██ Although subject matter jurisdiction cannot be conferred by estoppel, a party who seeks or consents to an act which is merely in excess of the court's jurisdiction may be estopped to complain of the ensuing action. (*In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625].) ██ Subject matter jurisdiction refers to "the court's power to hear and determine the cause." (*Id.*, at p. 346.) ██ When an information is properly filed the superior court clearly has subject matter jurisdiction to hear and determine the case. The proscription of section 1192.7, on the other hand, is a statutory limitation on the court's power to accept a plea bargain. The erroneous acceptance of a plea bargain

---

[3]Although we do not reach the issue, this appears to be such a case. Defendant's crimes were heinous and a lengthy prison term was both justified and inevitable. The bargain ensured that defendant would receive a lengthy prison term, and there is nothing in the record which establishes the likelihood of a substantially lengthier sentence in the absence of the plea bargain.

is only an act in excess of jurisdiction and hence is not void for want of fundamental jurisdiction. Consequently, the only question in such a case is whether the party challenging the bargain should be estopped from challenging it. "Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.'" (*Id.*, at p. 348, citation omitted.) Since section 1192.7 was not intended for the defendant's benefit, no public policy precludes estopping the defendant from using that section as a shield after consenting to the acceptance of a plea bargain. For these reasons a defendant who enters into a plea bargain is estopped from later attacking his conviction on the ground that it violated section 1192.7. ■ Since defendant lacks standing to attack his plea bargain on appeal under section 1192.7, we do not review his challenge.

### III-VI*

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., concurred.

**SIMS, J.,** Concurring—I write separately to fall on my sword.

The majority opinion treats with charity *People* v. *Foley* (1985) 170 Cal.App.3d 1039 [216 Cal.Rptr. 865], which I wrote. Although *Foley* reaches a correct result, its analysis is wrong to the extent it suggests the trial court must always obtain a supplemental probation report where a defendant, who is ineligible for probation, is being resentenced. (See *id.*, at p. 1047.) The *Foley* analysis is wrong because I inexplicably failed to discover the controlling statute: Penal Code section 1203, subdivision (g).

Needless to say, this is embarrassing. To be sure, there is some comfort in the knowledge that other judges have been imperfect. Some of their remarks were collected by the late Justice Robert Jackson in his concurring opinion in *McGrath* v. *Kristensen* (1950) 340 U.S. 162 at page 176 [95

---

*See footnote, *ante*, page 401.

L.Ed. 173 at p. 184, 71 S.Ct. 224]. Of these, my favorite is that of Lord Westbury, who allegedly rebuffed a barrister's reliance upon an earlier opinion of his Lordship with the following: "I can only say that I am amazed that a man of my intelligence should have been guilty of giving such an opinion."

While these words lend some comfort, the fact remains that this is the *third* time I have had to consider the same issue. I signed *People* v. *Savala* (1983) 147 Cal.App.3d 63 [195 Cal.Rptr. 193], which summarily disposed of the probation report issue in a footnote. Then *Foley* disapproved the *Savala* footnote. (*Foley, supra,* 170 Cal.App.3d at p. 1046.) Now, in the instant case, the issue surfaces again, like one of George Lucas's vile monsters, apparently immune from the attacks of mortal judges.

I well know I resemble the man at the fair who needs all three baseballs to knock over the milk bottles. The good coming of all this is the knowledge that, having taken all conceivable sides on the issue, I must certainly at some point have been right. Unfortunately, it too obviously follows that at some point I must also have been wrong. (See *Lodi* v. *Lodi* (1985) 173 Cal.App.3d 628, 632 [219 Cal.Rptr. 116].) Moreover, I am painfully aware that *Foley* probably caused the preparation of unnecessary probation reports in some cases, and those probation officers and trial judges who were inconvenienced have my apologies.

This court has been of the view that "absolution requires something more than an unadorned confession of [judicial] error, . . ." (*Taylor* v. *Jones* (1981) 121 Cal.App.3d 885, 890, fn. 3 [175 Cal.Rptr. 678] (opn. of Puglia, P. J.).) If that be true, then surely my destiny lies in that place to which more than one lawyer has wished that I would go.

A petition for a rehearing was denied November 10, 1986, and appellant's petition for review by the Supreme Court was denied January 22, 1987.