Filed 2/10/15  P. v. Vantilburg CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072952 |
| Plaintiff and Respondent, | (Super. Ct. No. CM024945) |
| v. | |
| CLIFFORD JOHN VANTILBURG, | |
| Defendant and Appellant. | |

At a March 2007 court trial, defendant Clifford John Vantilburg was found guilty of seven counts of sexual misconduct with a child under 14 and one count of continuous sexual abuse of a child involving the same victim of five of the child sexual offenses. Defendant was also found guilty of other charges and enhancements and was sentenced to prison for 31 years, eight months.

In a prior appeal to this court defendant contended, and the People conceded, that he was improperly convicted of both continuous sexual abuse of the victim and the discrete sex offenses committed against the same victim over the same period of time.

1

We reversed the judgment in part and remanded the matter to the trial court with directions to dismiss either the continuous sexual abuse count or, alternatively, the overlapping discrete counts, and to resentence defendant accordingly; in all other respects, the judgment was affirmed. (*People v. Vantilburg* (Jan. 23, 2009, C056405) [nonpub. opn.].)

On remand in June 2009, the trial court dismissed ("vacate[d]") the continuous sex abuse count , denied defendant's request for probation, and resentenced him to prison for 21 years eight months.

On appeal, defendant contends: (1) a count of possession of an assault weapon is not supported by constitutionally sufficient evidence of actual or constructive possession of the weapon; and (2) the trial court's finding that he had waived a Penal Code[1] section 288.1 evaluation and its consequent denial of probation were an abuse of discretion. We affirm.

## FACTS[2]

Defendant began sexually molesting a young girl when she was 11 years old and continued doing so until around April 19, 2006 -- a week before his arrest. An eyewitness inadvertently observed defendant on one occasion while he was having sexual intercourse with the victim. Defendant assaulted and threatened to kill the witness if he reported the molestation. (*People v. Vantilburg*, *supra*, C056405, at p. 1.)

---

[1] Undesignated statutory references are to the Penal Code.

[2] Our statement of facts is taken from our opinion in *People v. Vantilburg*, *supra*, C056405.

DISCUSSION[3]

I

*Sufficiency Of Evidence Of Possession Of Assault Weapon*

Defendant contends there was insufficient evidence of actual or constructive possession of an assault weapon as alleged in count 10. This contention is not properly before us.

As noted, the sole issue in the prior appeal was whether defendant was improperly convicted of both a continual sexual abuse count and five discrete sex offenses involving the same victim in the same time period. (*People v. Vantilburg*, *supra*, C056405, at p. 3.)

Our disposition stated: "The judgment is reversed, and the matter is remanded to the trial court with instructions to dismiss either count 11 or counts 1, 2, 3, 5, and 6, and to resentence defendant accordingly. In all other respects, the judgment is affirmed." (*People v. Vantilburg*, *supra*, C056405, at pp. 5-6.)

Defendant's first argument challenges the sufficiency of the evidence supporting his count *10* assault weapons conviction. Because our prior opinion "affirmed" the "judgment" in "all" "respects" other than the sex crime convictions and defendant's sentence, the reversal did *not* encompass the weapons conviction in count 10. Although the disposition paragraph commences with the words, "[t]he judgment is reversed," the

---

[3] Defendant requests that this court take judicial notice of a petition for writ of habeas corpus, memorandum of points and authorities, and supporting exhibits in California Supreme Court in case No. S194628. None of these materials has been made available to this court. The motion is denied because defendant has not furnished sufficient information to enable the court to take judicial notice of the matter. (Evid. Code, § 453, subd. (b).)

Defendant also requests that we take judicial notice of our opinion in the prior appeal, case No. C056405. Our May 14, 2013, order incorporating by reference the record in that case places the opinion before the court and makes judicial notice unnecessary.

ensuing language makes plain that the reversal is limited to the sex crime convictions and does not extend to the weapons conviction.

Thus, defendant's count 10 conviction was previously appealed to this court; no claim of error with respect to count 10 was raised; the count 10 conviction was affirmed; and the count 10 conviction was not before the trial court on remand. Defendant "is precluded from raising his [sufficiency of evidence] argument" with respect to count 10 in the present appeal because "the time in which to make it has passed." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396; see *People v. Deere* (1991) 53 Cal.3d 705, 713 [only errors within the scope of the remand are cognizable in second appeal]; *People v. Webb* (1986) 186 Cal.App.3d 401, 410 [convictions affirmed in prior appeal cannot be challenged in subsequent appeal from resentencing].)

II

*Forfeiture Of A Psychological Evaluation And Denial Of Probation*

Defendant contends the trial court abused its discretion when it found that he had "waived" the court ordered section 288.1[4] evaluation and thus forfeited his request for probation. Defendant also claims his trial counsel rendered ineffective assistance when they advised him not to speak to anyone at the jail and failed to seek a new section 288.1 interview on remand.[5]

---

[4]    Section 288.1 states: "Any person convicted of committing any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his or her sentence suspended until the court obtains a report from a reputable psychiatrist [or] from a reputable psychologist who meets the standards set forth in Section 1027, as to the mental condition of that person."

[5]    Specifically, defendant contends his trial counsel was ineffective in that they: (1) failed to research the manner in which defendant had been directed to submit to the section 288.1 interview; (2) failed to request a new section 288.1 hearing following remand; (3) failed to object to the court's finding that his refusal of the section 288.1 interview constituted a waiver; (4) failed to argue that any such "waiver" occurred

A

*Original Sentencing Proceeding*

After finding defendant guilty as charged, the trial court referred the matter to Dr. Ahmed Abouesh for an examination pursuant to section 288.1 and set an April 19, 2007, hearing for receipt of the report and a probation report.  Defense counsel requested additional time, defendant entered a time waiver, and the matter was set for May 17, 2007.

The trial court issued an order for psychiatric examination appointing the doctor and ordering the sheriff to make defendant available, ordering that defendant undergo the examination, ordering a copy of the order to be delivered to defendant, and ordering the doctor to report to the court in writing.  The order stated the purpose for the examination as follows:  "IT APPEARING to the satisfaction of the court that [defendant] has been convicted of a criminal offense with the body of a child under the age of 14 years, to wit: 11 years old, in violation of section 288(a) of the Penal Code, a Felony, and the court desiring a report from a reputable psychiatrist as to the mental condition of the defendant so an informed sentencing decision can be made."

Defendant claims "[t]here is nothing in the record suggesting [he] ever saw the Minute Order."  But there is more than a suggestion:  the court *ordered* that a copy be delivered to defendant, and it is *presumed* that this official duty was regularly performed. (Evid. Code, § 664.)

On May 17, 2007, the trial court stated it had received a communication from Dr. Abouesh indicating that defendant had refused to participate in a section 288.1 interview and therefore the examination had not been performed.  Dr. Abouesh reported: "I attempted to evaluate . . . defendant at the Butte County Jail on May 13, 2007.  I was

---

outside of court and was not preceded by the advice of counsel; and (5) failed to argue for a grant of probation at resentencing.

5

informed by the defendant that upon the advice of his lawyer, he was not to speak to anyone about the case and refused to be examined."

The trial court found: "As to the 288[.1] Hearing, the Court is finding that the defendant declined his 288[.1] psychiatric interview. One was ordered. It was clearly stated why it was ordered, and [defendant] declined to do that. Therefore, he has had that opportunity and the time has [passed]. So this matter will be referred to probation. . . . The Court will ask probation to prepare a report for terms and for victim restitution without the 288[.1]."

The trial court indicated it had received two motions for substitution of defense counsel. An associate of defendant's new counsel informed the court that, "[a]t some point, [defendant] was told that he was not to speak to anybody while he was in the process of retaining new counsel."

B

*Resentencing Following Remand*

At the resentencing hearing, the trial court invited comments from counsel for the parties. Defendant's counsel commented: "I'd urge the Court to, as the Court of Appeal didn't leave us with very many choices here, there would be two choices which we have would either to be sentenced on the continuous contact charge one count versus the other counts that it said would otherwise have to be dismissed if we didn't do that. [¶] I think that first of all, it's cleaner and it doesn't give rise to any issues with regards to potential 654 or crossover time because it would just be one count. And in -- on his behalf at least and with the record that I think is somewhat less onerous and as far as that I think it's somewhat reduced, I'd submit it."

After hearing from counsel for the People, the trial court stated: "Probation is denied because the defendant [is] ineligible under the provisions of Penal Code Section[s] 1203.067 and 288.1.

6

"However, even if the defendant were not statutorily ineligible for probation, probation would be denied for the following reasons:  The nature, seriousness, and circumstances of the case.  The manner in which the crime was carried out demonstrated criminal sophistication especially with regard to Count 9 [dissuasion of a witness].

"The defendant declined to participate in a court ordered [section] 288.1 evaluation even after he was informed by the Court that such an evaluation was necessary for the Court to be able to consider probation.  The Court has found previously that the defendant waived the [section] 288.1 evaluation by refusing to participate with the court ordered evaluator.

"As was previously noted at the July '07 sentencing, defendant's self-chosen expert [Dr. Kent Caruso] opined that the defendant was not a suitable candidate for probation if the victim was younger than the defendant admitted.  The [trial court] convicted the defendant of acts when the victim was 12 years old."

C

*Probation Was Properly Denied*

"The decision whether to grant or deny probation is reviewed under the abuse of discretion standard.  [Citations.]  'An order denying probation will not be reversed in the absence of a clear abuse of discretion.  [Citation.]  In reviewing the matter on appeal, a trial court is presumed to have acted to achieve legitimate sentencing objectives in the absence of a clear showing the sentencing decision was irrational or arbitrary.  [Citations.]'  [Citation.]" (*People v. Ferguson* (2011) 194 Cal.App.4th 1070, 1091-1092.)

"[A] [sentence] will not be reversed based on a claim of ineffective assistance of counsel unless the defendant establishes *both* of the following:  (1) that counsel's representation fell below an objective standard of reasonableness; *and* (2) that there is a

7

reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to defendant would have resulted. [Citations.] If the defendant makes an insufficient showing on either one of these components, the ineffective assistance claim fails. Moreover, ' "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." [Citation.]' [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.)

In our prior opinion, we stated, "[t]he trial court is most familiar with the offenses and other facts bearing on sentencing, and can determine whether defendant should be convicted of continuous sexual abuse or the five separate offenses, and to *impose the sentence most commensurate with his culpability*." (*People v. Vantilburg*, *supra*, C056405, at p. 5, italics added.) No issues regarding probation were raised in the prior appeal, and nothing in the opinion suggested that probation was "the sentence most commensurate with [defendant's] culpability." (*Ibid.*)

Defendant's trial counsel could perceive that a request to replace the 31-year prison sentence with a grant of probation, as opposed to a lesser prison term, would be futile. " 'Trial counsel is not required to make futile objections, advance meritless arguments or undertake useless procedural challenges merely to create a record impregnable to assault for claimed inadequacy of counsel. [Citation.]' " (*People v. Stratton* (1988) 205 Cal.App.3d 87, 97, quoting *People v. Jones* (1979) 96 Cal.App.3d 820, 827.)

In any event, the trial court addressed defendant's request for probation at resentencing. After finding that he was statutorily ineligible for probation due to his refusal of a section 288.1 interview, the court stated, "[h]owever, even if the defendant

8

were not statutorily ineligible for probation, probation would be denied for the following reasons: The nature, seriousness, and circumstances of the case. The manner in which the crime was carried out demonstrated criminal sophistication especially with regard to Count 9 [dissuasion of a witness]." The court also considered the report by Dr. Caruso that defendant had obtained. The court stated: "As was previously noted at the July '07 sentencing, defendant's self-chosen expert [Dr. Kent Caruso] opined that the defendant was not a suitable candidate for probation if the victim was younger than the defendant admitted. The [trial court] convicted the defendant of acts when the victim was 12 years old."

Thus, the trial court considered defendant's request for probation on its merits notwithstanding his refusal to submit to the section 288.1 interview.

Defendant was not prejudiced by any ineffective assistance of counsel with respect to the advisement to not speak to anyone (evidently including Dr. Abouesh) and the failure to request a new section 288.1 interview. It is not necessary to consider the question whether counsels' performance was deficient. (*People v. Rodrigues*, *supra*, 8 Cal.4th at p. 1126.)

Defendant contends the trial court's determinations with respect to probation were arbitrary and capricious. (See *People v. Ferguson, supra,* 194 Cal.App.4th at pp. 1091-1092.) Defendant has not shown error with respect to the ruling on the merits. The trial court found that two aggravating factors supported the denial of probation: (1) the nature, seriousness, and circumstances of the case; and (2) the manner in which the crimes were carried out demonstrated criminal sophistication, especially with regard to count 9. he court also noted that defendant's chosen psychologist, Dr. Caruso, did not recommend probation under the factual circumstances found true by the court with respect to the victim's age. Defendant has not shown that any or all of these findings were irrational, arbitrary, or a clear abuse of discretion. (*People v. Ferguson*, *supra*, 194 Cal.App.4th at pp. 1091-1092.)

9

DISPOSITION

The judgment is affirmed.


      ROBIE      , J.


We concur:


      NICHOLSON      , Acting P. J.


      MURRAY      , J.