Filed 7/27/15  P. v. Ruiz CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIO RUIZ,<br><br>    Defendant and Appellant. | B257667<br><br>(Los Angeles County<br>Super. Ct. No. YA052133) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven R. Van Sicklen, Judge.  Affirmed.

Antonio Ruiz, in pro. per.; Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002 defendant Antonio Ruiz shot at several homes while driving through the city of Lawndale and then demanded "money and gold" at gunpoint from a man sitting in his car outside a convenience store. When the man refused, Ruiz threatened to shoot him in the head.

After waiving his right to a jury trial, Ruiz pleaded guilty to seven counts: (1) criminal threats (Pen. Code,[1] § 422); (2) assault with a firearm (§ 245, subd. (a)(2)); (3) attempted second degree robbery (§§ 211, 664); (4) shooting at an inhabited dwelling (§ 246); (5) possession of a firearm by a felon (former § 12021, subd. (a)(1));[2] (6) possession of a narcotic with a firearm (Health & Saf. Code, § 11370.1, subd. (a)); and (7) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). Ruiz also admitted allegations he personally used a firearm in the commission of the crimes charged in counts 2 and 3 (§ 12022.5, subd. (a)), he personally used a handgun in the commission of the crime charged in count 3 (§ 12022.53, subds. (b) & (e)(1)), a principal was armed with a firearm in the commission of the crime as to counts 3 and 4 (§ 12022, subd. (a)(1)); and the crimes charged in counts 1 through 4 were committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)). Finally, Ruiz admitted he had suffered one prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and the three strikes law (§§ 667, subds. (b)-(i), 1170.12)[3] and he had served two prior prison terms for felonies (§ 667.5, subd. (b)).

---

[1] All undesignated statutory references are to the Penal Code.

[2] The Legislature repealed former section 12021, subdivision (a)(1), in effect at the time the offenses were committed, effective January 1, 2011, and recodified the statute without substantive change in section 29800, subdivision (a)(1).

[3] The information alleged two prior strike allegations, but the trial court struck one of them.

The trial court agreed to impose an aggregate state prison term of between 25 to 30 years, after hearing argument from counsel on the appropriate sentence within that range. Following argument by counsel, the court sentenced Ruiz to an aggregate state prison term of 27 years 8 months.

In 2011, Ruiz filed a petition for writ of habeas corpus, which the trial court granted on the ground Ruiz was sentenced in violation of the prohibition against imposing both gang and firearm enhancements. (See *People v. Rodriguez* (2009) 47 Cal.4th 501, 509.) The court granted Ruiz's request for a resentencing hearing and asked the court to order him to be present with counsel. The court subsequently vacated the previously-imposed sentence, adopted the People's written recommendation regarding the recalculated sentence, and resentenced Ruiz to an aggregate state prison term of 27 years 8 months. The court however, did not hold a hearing and neither party was present.

Ruiz appealed, arguing the trial court violated his constitutional and statutory rights to be present at the resentencing hearing and to counsel. We agreed, reversed the sentence, and remanded the case for resentencing, with Ruiz and his counsel present with a full opportunity to be heard. (*People v. Ruiz* (July 17, 2013, B245746) [nonpub. opn.].)

Prior to resentencing Ruiz on remand, the trial court reviewed the sentencing memoranda filed by both parties and records from the Department of Corrections and Rehabilitation reflecting Ruiz's behavior during 10 years of incarceration. After hearing argument by counsel and Ruiz's statements on his behalf, the court concluded that there had not been a sufficient change in Ruiz's circumstances to justify a lesser sentence than the one the court had previously imposed. The court sentenced Ruiz to an aggregate state prison term of 27 years 8 months as follows: On count 4, 14 years (the upper term of seven years, doubled under the three strikes law) for shooting at an inhabited dwelling, plus five years for the gang enhancement, plus five years for the prior serious felony enhancement; on count 3, 16 months (one-third the middle term of two years, doubled) for attempted second degree robbery; 16 months (one-third the middle term of two-years, doubled) for possession of a firearm by a felon; and one year for one prior prison term enhancement. The court imposed and stayed sentences on the remaining counts and

enhancements. The court awarded Ruiz 5,035 days of presentence custody credit and imposed statutory fines, fees, and assessments.

## DISCUSSION

We appointed counsel to represent Ruiz in this appeal. After examining the record, counsel filed an opening brief raising no issues. On March 18, 2015 we advised Ruiz that he had 30 days to submit any contentions or issues he wished us to consider. After granting Ruiz two extensions of time, we received from Ruiz on May 7, 2015 a 15-page handwritten response with a copy of his completed plea waiver form as an exhibit. In his supplemental brief, Ruiz argues that the trial court should have allowed him to withdraw his plea and that the court improperly imposed the five-year gang enhancement.

In this appeal, Ruiz can only challenge his sentence. He cannot challenge any denial by the trial court of a request to withdraw his plea because the remand in case No. B245746 was limited to resentencing in the presence of Ruiz and his attorney. (See *People v. Deere* (1991) 53 Cal.3d 705, 713 [only errors within the scope of the remand are cognizable in second appeal]; *People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397 ["[i]n an appeal following a limited remand, the scope of the issues before the court is determined by the remand order"]; *People v. Webb* (1986) 186 Cal.App.3d 401, 410 [on an appeal from resentencing, defendant cannot challenge convictions affirmed in a prior appeal].)

With respect to the resentencing, the trial court properly imposed the gang enhancement based on Ruiz's conviction for discharging a firearm at an inhabited dwelling (§ 246), which is, and was in 2000 when Ruiz committed the offense, a serious felony. Section 186.22, subdivision (b)(1)(B), requires, as it did in 2000, imposition of a five-year enhancement on a person convicted of a gang-related serious felony.

We have examined the entire record and are satisfied that Ruiz's attorney on appeal has fully complied with the responsibilities of counsel and that there are no other arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145

4

L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

ZELON, Acting P. J.

STROBEL, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.