Filed 2/22/22  P. v. Azevedo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C093951 |
| Plaintiff and Respondent, | (Super. Ct. No. CR60054) |
| v. | |
| ALEX LEONARD AZEVEDO, | |
| Defendant and Appellant. | |

Defendant Alex Leonard Azevedo appeals the sentence imposed after this court affirmed his convictions but remanded the matter for a resentencing hearing.  Appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record and defendant's supplemental brief, we note an error in the trial court's award of postsentencing custody credits pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20, 30-34.  We find no other arguable error that would result in a disposition more favorable to defendant.  As modified with additional custody credits, the judgment is affirmed.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

A jury found defendant guilty of first degree burglary (Pen. Code, § 459; count I)[1] and taking or stealing a vehicle (as to which defendant admitted a recidivist allegation for a 2006 conviction) (§ 666.5; count II). Defendant also admitted having a 2005 prior "serious" felony conviction (§ 422) subject to a five-year enhancement (§ 667, subd. (a)), and a 2013 conviction (§ 273.5) subject to a one-year enhancement (§ 667.5, subd. (b)). The trial court sentenced him to state prison for an aggregate term of 18 years; the term included the two recidivist enhancements for the 2005 and 2013 convictions.

On appeal, we affirmed the judgment of conviction. However, we remanded the matter for the limited purpose of allowing the trial court to strike a one-year enhancement (§ 667.5, subd. (b), referencing Welf. & Inst. Code, § 6600, subd. (b)) and to exercise its discretion in deciding whether to strike a five-year enhancement (§§ 667, subd. (a), 1385, subd. (b)). (*People v. Azevedo* (June 3, 2020, C088544) [nonpub. opn.].)[2]

After a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, the parties proceeded to the resentencing hearing. The trial court struck the one-year enhancement but declined to strike the five-year enhancement. The trial court found striking the five-year enhancement was unwarranted because defendant victimized a relative after the relative provided emergency assistance to defendant. The trial court sentenced defendant on count I to six years, doubled to 12 for the prior strike conviction, plus five years for the serious felony prior conviction. On count II, the trial court sentenced defendant to three years, doubled to six for the prior strike conviction, to run concurrently to count I.

---

[1] Undesignated statutory references are to the Penal Code.

[2] We previously granted defendant's request to take judicial notice of our opinion in the prior appeal.

The trial court awarded defendant 325 days of custody credits.[3]  The trial court imposed a restitution fine of $300 (§ 1202.4), imposed and suspended an identical postrelease community supervision revocation restitution fine (§ 1202.45), imposed a court operations fee (§ 1465.8), and a court conviction assessment (Gov. Code, § 70373).

Defendant timely appealed.  Appellate counsel for defendant sent a letter to the trial court requesting a recalculation of custody credits as of the date of resentencing pursuant to *People v. Buckhalter, supra*, 26 Cal.4th at pp. 30-34.  On October 29, 2021, the trial court amended the abstract of judgment to include 690 days of additional postsentence custody credits.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant filed a supplemental brief.

Defendant's brief consists of conclusory statements or questions, without any attempt to provide legal or factual support for any claim of error.  Construing defendant's response broadly reveals the following contentions made in an effort to challenge his convictions along with the performance of trial counsel.

Specifically, defendant claims the following trial errors occurred:  His right to a speedy trial was violated; defense counsel made inappropriate comments in opening statements and admitted defendant's guilt during trial; and his postverdict motion pursuant to *People v. Marsden, supra*, 2 Cal.3d 118 was improperly denied yet not challenged in the first appeal.  We cannot entertain these claims because in an appeal following a limited remand, the scope of the issues before the court is determined by the

---

[3]  In response to a letter from appellate counsel, this amount was increased from 297 to 325 days, the amount awarded at the first sentencing hearing.

remand order. (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397; *People v. Deere* (1991) 53 Cal.3d 705, 713.) Put differently, our review in this case is limited to claims of error in the proceedings that occurred on remand after defendant's prior appeal. (See *People v. Webb* (1986) 186 Cal.App.3d 401, 410.) As none of these challenges pertain to his resentencing hearing, they are not reviewable.

Defendant raises the following additional challenges to his conviction, which appear to necessarily be based on matters outside the record: Defendant claims his trial was improper when he had pending civil actions against the county and he had previously attempted to sue the judge who presided over his case; he was denied witnesses, evidence, and a defense; his record is incomplete and transcripts have been altered; and juror issues were never addressed. These issues are not only outside the scope of the instant appeal, but also require consideration of matters outside the appellate record that are not appropriately reviewed on appeal. (*People v. Szeto* (1981) 29 Cal.3d 20, 35.)

Defendant also presents several questions from which the nature of any associated claim of error is difficult to ascertain. Specifically, defendant asks why he received communication from a Central California Appellate Program (CCAP) representative prior to filing a notice of appeal, and who consented to his appellate counsel for his first appeal. He also asks about the "special announcement" on the court's website relating to his prior appeal, what was said during oral argument, and why his supplemental brief, filed in his prior appeal, was rejected. These questions are inappropriate because (1) defendant has failed to articulate in any meaningful manner the nature of his contentions, and (2) to the extent his contentions pertain to matters prior to sentencing and beyond the sole sentencing issue on remand, they are not reviewable in the instant appeal. (See *People v. Murphy, supra*, 88 Cal.App.4th at pp. 395-396 [an attack upon a conviction in a second appeal after a limited remand for resentencing is prohibited when the issue raised is not encompassed in the remand order].)

Defendant also asks why his latest *Marsden* motion, heard just before his resentencing hearing, was not addressed on appeal. We have reviewed the confidential transcript from this hearing and we find no arguable issues pertaining to the hearing on the *Marsden* motion.

Finally, we note that defendant is entitled to credit for time served from November 28, 2018 (the date sentence was originally pronounced), to March 1, 2021 (the date of resentencing), pursuant to *People v. Buckhalter, supra*, 26 Cal.4th 20 and section 2900.1. We calculate this to be 825 days. We modify the judgment to reflect 825 days of postsentence credits.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no other arguable errors that would result in a disposition more favorable to defendant, and accordingly, we will affirm the judgment as modified.

DISPOSITION

The judgment is modified to include 825 days of postsentence credits. The trial court is directed to amend the abstract of judgment accordingly and to forward the amended copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

/s/
RAYE, P. J.

We concur:

/s/
BLEASE, J.

/s/
KRAUSE, J.