Filed 11/2/23  P. v. Singh CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097137 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE010982) |
| v. | |
| RAGHVENDRA SINGH, | |
| Defendant and Appellant. | |

This is an appeal after remand for resentencing.  Appointed counsel for defendant Raghvendra Singh has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief.  Having reviewed the record and defendant's supplemental arguments, we affirm the judgment.

1

## BACKGROUND

The facts underlying defendant's convictions are set forth in our unpublished opinion in *People v. Singh* (Dec. 9, 2021, C092034) (nonpub. opn.) and need not be recounted here. It suffices to say that defendant procured the filing of multiple false or forged proofs of service in various legal proceedings and also conspired to file two false or forged grant deeds. (*Ibid.*)

A jury found defendant guilty of 14 counts of filing a false or forged instrument, in violation of Penal Code section 115, subdivision (a),[1] and two counts of conspiracy to file a false or forged instrument. The jury also found true an allegation that defendant was convicted of more than one violation of section 115, subdivision (a), and the cumulative financial loss from all transactions exceeded $100,000. (*People v. Singh*, *supra*.) The trial court sentenced defendant to 12 years in prison. (*Ibid.*)

On appeal from that judgment, this court reversed the cumulative financial loss finding, remanded the matter for resentencing, and otherwise affirmed the judgment. (*People v. Singh*, *supra*.)

On remand, defense counsel filed a sentencing memorandum arguing for a grant of probation because defendant's culpability for the crimes was reduced due to a mental condition not amounting to a defense, and because he would likely respond favorably to treatment that would be required as a condition of probation. Defense counsel also submitted "attached comments" from defendant, consisting of many pages of handwritten argument, most of which challenged the validity of defendant's convictions or complained about prison conditions.[2]

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Defense counsel indicated in a footnote that he could not assert these arguments in good faith for various reasons.

At the resentencing hearing, the trial court observed that this court's reversal of the cumulative financial loss finding rendered defendant eligible for probation. (See § 115, subd. (c)(2).) On that issue, defense counsel submitted the matter on the briefing. The People opposed probation, arguing defendant's "schemes went on for several years" and involved "highly complex legal paperwork involving perjury and fraud." After hearing from defendant on a different issue, the court denied defendant's request for probation, explaining that defendant continued to deny that his crimes are "really crimes at all," continued to "refuse even to this day to accept the law or accept any responsibility to follow the law," and continued to show "no remorse for the victims."

With respect to the sentence to be imposed, defense counsel summarized an issue raised in a portion of defendant's handwritten submission, specifically that section 654 precluded multiple punishment for defendant's crimes "because it is all one course of conduct" and he possessed a single intent and objective throughout. The trial court rejected this argument, heard further argument regarding the appropriate sentence to be imposed, and allowed defendant to address the court. The court then sentenced defendant to 12 years in prison. Defendant appeals.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief, the bulk of which raises issues that are not cognizable in this appeal from resentencing. Specifically, defendant asserts: the charges against him are not actual crimes; the prosecution of this case against him was the actual crime; the charges against him violate public policy; if anyone should have been charged, it was the process server, not defendant; section 115 is unconstitutionally vague; if the charges are actual crimes, defendant had various defenses and should not

3

have even been held to answer because the prosecutor did not establish the corpus delicti at the preliminary hearing; defendant's trial was unfair; witnesses lied under oath; the jury was erroneously instructed on the law; misconduct at the jail prevented defendant from producing evidence in his defense; and defendant is the real victim in this case. Having affirmed defendant's convictions in the prior appeal and remanded only for resentencing, defendant "cannot now be permitted to make a direct attack upon his convictions." (*People v. Webb* (1986) 186 Cal.App.3d 401, 410.)

We do briefly address the arguments related to the resentencing. Defendant argues: (1) the trial court abused its discretion in denying probation and sentencing him to prison for 12 years; (2) section 654 precludes multiple punishment because "all the felonies were consolidated" in the alleged enhancement under section 115, subdivision (c); and (3) defendant's sentence amounts to cruel or unusual punishment under the California Constitution.

First, there appears no abuse of discretion in denying defendant probation. "The trial court enjoys broad discretion in determining whether a defendant is suitable for probation." (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1256.) The relevant criteria affecting the probation determination are set forth in rule 4.414 of the California Rules of Court.[3] In denying defendant probation in this case, the trial court relied on his lack of remorse, specifically listed in rule 4.414(b)(7), and his refusal to accept or follow the law, relevant to whether or not he would be willing or able to comply with the terms of probation, listed in rule 4.414(b)(3) and (b)(4). "A decision denying probation will be reversed only on a showing of abuse of discretion." (*Lai,* at p. 1257.) Defendant has made no such showing.

---

[3] Further undesignated rule references are to the California Rules of Court.

With respect to selecting the term of imprisonment, the trial court also enjoys broad discretion, although certain requirements have been recently added in order for the court to impose a sentence exceeding the middle term. (See § 1170, subds. (b)(1) & (2).) Here, however, the court imposed the middle term of two years for count 17 (conspiracy to file a false or forged instrument), plus consecutive terms of eight months (one-third the middle term) for the remaining counts. Defendant has not persuaded this court that selecting the middle term or imposing consecutive sentences amounted to an abuse of discretion requiring reversal. His only arguments in that regard are that "the trial court did not consider post-conviction factors," that the court "agreed to give concurrent sentences" and then "changed [its] mind stating that [defendant] caused 90 million dollars damages," and that defendant "was never a danger to society; and these were nonviolent offenses." Defendant does not tell us which "post-conviction factors" the trial court failed to consider, or why they purportedly required the court to impose a lower term sentence or concurrent sentences. However, we presume the court considered all relevant factors "unless the record affirmatively reflects otherwise." (Rule 4.409.) And to the extent this can be construed as a challenge to the trial court's statement of reasons, because there was no objection on this basis at the resentencing hearing, any such contention is forfeited. (See *People v. Scott* (1994) 9 Cal.4th 331, 351.) Moreover, defendant's assertion that the trial court agreed to give him concurrent sentences and then changed its mind is belied by the record. Also belied by the record is the suggestion that the court erroneously believed defendant caused 90 million dollars in damages. Finally, while defendant's crimes were admittedly nonviolent, he cites no authority for the proposition that this required a lower term or concurrent sentences.

We next address defendant's second cognizable argument, his challenge to multiple punishment under section 654, and observe first that this does not appear to be the same argument raised below. It is arguably forfeited for that reason. However, this variation on the assertion also fails. Contrary to defendant's erroneous assertion, his

5

multiple convictions were not "consolidated" into one offense because of the cumulative financial harm allegation under section 115, subdivision (c)(2). Indeed, that subdivision does not apply at all unless a person "is convicted of more than one violation of [section 115] in a single proceeding." (§ 115, subd. (c)(2).) It does not consolidate those convictions into one. Moreover, this court reversed that finding in the prior appeal. All that remains is defendant's multiple convictions. Whether they may be punished separately has nothing to do with section 115, subdivision (c)(2). Nor do we find any fault with the trial court's rejection of the section 654 argument that was raised below.

Finally, defendant has also forfeited his challenge to his sentence as cruel or unusual punishment under the California Constitution. This assertion was not raised at the resentencing hearing. Nor does it appear in the many pages of handwritten argument attached to defense counsel's sentencing memorandum. (See *People v. Speight* (2014) 227 Cal.App.4th 1229, 1247.) We decline to consider the merits of this challenge for the first time on appeal.

## DISPOSITION

The judgment is affirmed.


/s/
Duarte, J.


We concur:


/s/
Mauro, Acting P. J.


/s/
Boulware Eurie, J.


6