Filed 7/14/21  P. v. Aledo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL VINCENT ALEDO,<br><br>    Defendant and Appellant. | H048820<br>(Monterey County<br>Super. Ct. No. SS170376A) |

In this appeal from a resentencing proceeding held after a limited remand from this court in a prior appeal, appointed counsel for Paul Vincent Aledo has filed a brief asking this court to review the record to determine whether there are any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Aledo was advised of the right to file a supplemental brief, and he filed a response that we have considered.  Finding no arguable error that would result in a disposition more favorable to Aledo, we affirm.

# I. FACTS AND PROCEDURAL BACKGROUND[1]

Aledo shot a man in the chest and was convicted by jury of attempted murder (Pen. Code, §§ 664/187, subd. (a)).[2] The jury found true allegations that the attempted murder was premeditated (§ 664, subd. (a)), that Aledo personally used a firearm (§ 12022.5, subd. (a)), and that he personally inflicted great bodily injury (§§ 12022.7, subd. (a), 12022.53, subd. (d)). Aledo was also convicted of possessing drug paraphernalia and methamphetamine (Health & Saf. Code, §§ 11364, subd. (a), 11377, subd. (a)).

The trial court sentenced Aledo to life in prison with the possibility of parole. His sentence was enhanced by a consecutive 25-year term under section 12022.53, subdivision (d), for using a firearm to cause great bodily injury. The trial court imposed but stayed the upper term of 10 years for a different firearm use enhancement (§ 12022.5, subd. (a)) and stayed a three-year term for the great bodily injury enhancement (§ 12022.7, subd. (a)). The trial court imposed concurrent one-year and six-month terms for the respective misdemeanor drug convictions and imposed a $10,000 restitution fine; a $150 drug program fee (Health & Saf. Code, § 11372.7); a $50 criminal laboratory analysis fee (Health & Saf. Code § 11372.5); a court operations assessment of $120 (§ 1465.8, subd. (a)(1)); and a court facilities assessment of $90 (Gov. Code, § 70373).

In his prior appeal, Aledo argued that his case should be remanded to allow the trial court to exercise its discretion whether to strike the firearm enhancement in light of Senate Bill No. 620 and for a hearing on his ability to pay fines and fees. This court

---

[1] We take judicial notice of our prior opinion in *People v. Aledo* (Feb. 25, 2020, H045164) [nonpub. opn.]). (Evid. Code, §§ 452, subd. (d), 459.) We grant Aledo's request to take judicial notice of the record on appeal and file in the prior appeal, H045164. However, we do not further summarize the facts underlying Aledo's convictions. They are not relevant to this appeal, which follows a limited remand to allow the trial court to consider whether to exercise discretion to strike the prior serious felony conviction enhancements in light of Senate Bill No. 620 (2017-2018 Reg. Sess.).

[2] Unspecified statutory references are to the Penal Code.

agreed a limited remand was appropriate for the trial court to consider exercising its discretion to strike the firearm enhancement but concluded that Aledo was not entitled to a hearing on his ability to pay because the trial court had already considered the issue at his sentencing. This court remanded the matter to the trial court for the limited purpose of exercising its discretion regarding the imposition of the section 12022.53, subdivision (d) sentencing enhancement.

Following remand, Aledo, acting in propria persona, filed two letters with the trial court. In the first, Aledo argued, based on evidence from his trial, that he did not possess the firearm that was the basis of the jury's true finding on the firearm enhancement. In the second, Aledo provided the trial court with information about programs he had completed in prison, including general education classes and community-building activities. In addition, Aledo filed with the trial court a request that the court waive "all court fees and costs." Aledo also filed a request to waive additional court fees in which he asked the court to waive "[j]ury fees and expenses," "[f]ees for a peace officer to testify in court," "[f]ees for court-appointed experts," and "victim [r]estitution."

In January 2021, pursuant to this court's limited remand, the trial court conducted a hearing on whether to resentence Aledo. Aledo appeared with appointed counsel. Aledo's counsel stated he had spoken with Aledo and "listened to [Aledo] with respect to his perspective on the proceedings." Aledo's counsel pointed out that there had been conflicting evidence presented at trial about whether Aledo had had a gun and requested that the trial court not impose the sentence on the gun enhancement. At the hearing, Aledo personally addressed the court and sought to introduce evidence from his "records of appeal" on whether he had possessed a gun.

The trial court denied Aledo's request to introduce evidence. The trial court stated it could not revisit the jury's guilty verdicts, and the hearing was "for the limited purpose of addressing whether or not [the gun] enhancement should have been imposed."

3

The district attorney noted that the jury had found that Aledo personally used a firearm and requested the trial court not alter Aledo's sentence.

The trial court stated it had reviewed the file and was familiar with the case. Based on the facts of the crime, Aledo's significant criminal history (which included 30 misdemeanor convictions, prior felony convictions involving weapons, and prior convictions for violence), and Aledo's involvement in a criminal street gang, the trial court concluded that it was appropriate to impose the punishment for the section 12022.53 enhancement. The trial court declined to resentence Aledo.

Addressing Aledo's request to waive additional court fees, the trial court stated that it had not imposed any of the fees Aledo had specifically described other than victim restitution and it did not have the authority to waive victim restitution. The court added that, even if it had the authority, it would not waive the victim restitution. The trial court did not specifically address Aledo's request that it waive "all court fees." The trial court reinstated Aledo's original sentence without making any modifications to it.

## II. DISCUSSION

We appointed counsel to represent Aledo on appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Aledo that he may personally submit any contentions or issues he wanted the court to consider. This court received from Aledo handwritten letters dated May 5, 2021, and May 17, 2021, that include multiple attachments.

In his May 5, 2021 letter, Aledo appears to assert a claim of ineffective assistance of his trial counsel, which Aledo refers to as "Ground 1" and which is detailed on pages taken from the Judicial Council's form for filing a petition for writ of habeas corpus. The ineffective assistance claim alleges failures of counsel related to Aledo's underlying jury trial and references several documents that are attached to Aledo's letter. Aledo also attached to his letter five other grounds for relief, but he did not specifically mention those grounds in his letter. The additional grounds assert further allegations of

4

ineffective assistance of Aledo's trial counsel. In his letter dated May 17, 2021, Aledo apparently attempts to supplement his earlier allegations of ineffective assistance of trial counsel. He attached additional documents to his letter for our consideration.

We cannot entertain Aledo's claims of ineffective assistance of his trial counsel because this appeal is limited to the proceedings that occurred on remand after Aledo's prior appeal. Put differently, our review in this case is limited to claims of error related to the trial court's exercise of discretion to strike the section 12022.53, subdivision (d) sentencing enhancement. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 535; *People v. Webb* (1986) 186 Cal.App.3d 401, 410.) Because Aledo's claims of ineffective assistance relate to his underlying jury trial (not the proceeding held on remand following his prior appeal) and are not encompassed within this court's prior remand order, we conclude that Aledo's claims do not amount to arguable issues in this appeal.[3]

Having examined the record, we are satisfied appellate counsel for Aledo has complied with counsel's responsibilities and there are no arguable issues. (*People v. Kelly* (2006) 40 Cal.4th 106, 118–119; *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

### III. DISPOSITION

The reinstated judgment is affirmed.

---

[3] In his May 5, 2021 letter Aledo also requests that we appoint new appellate counsel because his current appellate counsel "will not file I.A.C. in [*sic*] my behalf." Construing Aledo's request as one made under *People v. Marsden* (1970) 2 Cal.3d 118 (see *In re Barnett* (2003) 31 Cal.4th 466, 473), we decide that Aledo has not shown his right to counsel in this appeal has been " ' " 'substantially impaired.' " ' " (See *People v. Sanchez* (2011) 53 Cal.4th 80, 90.) We thus deny Aledo's request for new appellate counsel.

_____

                Danner, J.

WE CONCUR:

_____

Greenwood, P.J.

_____

Grover, J.

**H048820**
*People v. Aledo*