Filed 11/29/23  P. v. Vance CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081681 |
| v. | (Super.Ct.No. FSB1100293) |
| CALVIN VANCE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

Calvin Vance, in pro. per.; William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Defendant and appellant Calvin Vance appeals the sentence imposed after this court affirmed his convictions but remanded the matter for a resentencing hearing. Appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so. After reviewing the record and defendant's supplemental brief, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

This is defendant's fourth appeal. In defendant's first nonpublished appeal (*People v. Vance* (Oct. 29, 2013, E054460)), we provided a statement of facts, which we will not repeat here because most of the facts are not germane to this appeal. The following is a brief summary of the facts taken from defendant's second nonpublished appeal (*Vance II*, *supra*, E071074.). (Evid. Code, §§ 452, 459.)

About 9:00 p.m. on January 18, 2011, Riley entered a Jack in the Box restaurant. Five employees were present. Riley demanded money and ordered the employees to

---

[1] A summary of the factual background and a portion of the procedural background is taken from defendant's nonpublished third appeal before this court in case No. E077132. (*People v. Vance* (Jan. 11, 2023, E077132 (*Vance III*), citing *People v. Vance* (Jan. 16, 2020, E071074) (*Vance II*).)

2

enter the manager's office. The manager gave Riley about $17 from a safe in the office. The manager then told another employee to give Riley money from a cash register at the front counter. Riley received a total of about $169. He then ran out of the restaurant and entered a nearby car, driven by defendant.

Law enforcement pursued defendant in a high speed chase, which ended when defendant's vehicle spun out of control, struck a truck, and veered into a pole. Defendant and Riley fled from the vehicle and were apprehended shortly thereafter. A loaded gun was found in the vehicle. At trial, a gang expert testified that defendant and Riley were active members of a criminal street gang. The gang expert further testified that the crimes were committed for the benefit of defendant's gang.

During the trial, the prosecution presented evidence that defendant was involved in a similar robbery on January 8, 2011, 10 days before the Jack in the Box robbery. The same car, owned by defendant's mother, was used in both robberies. (*Vance III*, *supra*, E077132.)

On April 25, 2011, a jury found defendant guilty of kidnapping for robbery (Pen. Code,[2] § 209, subd. (b)(1); counts 1-5); robbery (§ 211; counts 6-10); evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 11); felon in possession of a firearm (former Pen. Code, § 12021, subd. (a)(1); count 13); and active participation in a gang (Pen. Code, § 186.22, subd. (a); count 14). The jury also found true allegations as to counts 1 through 10 that a principal personally used a handgun (Pen. Code, § 12022.53,

---

[2] All future statutory references are to the Penal Code.

3

subd. (b), (e)(1)), and that the crime was committed for the benefit of and in association with a gang (Pen. Code, § 186.22, subd. (b)). During a bifurcated trial, the court found true that defendant had suffered a prior strike conviction (Pen. Code, §§ 1170.12, subd. (a)-(d), 667, subd. (b)-(i)), a serious felony conviction (Pen. Code, § 667, subd. (a)), and four prison prior convictions (Pen. Code, § 667.5).

At sentencing in 2011, the court imposed an aggregate term of 207 years 4 months, consisting of an indeterminate term of 190 years to life and a determinate term of 17 years 4 months.

In 2013, this court affirmed the judgment, but reversed the conviction on count 1 (kidnapping for robbery) and directed the trial court to stay the sentence on count 6 (robbery). (*Vance III*, *supra*, E077132.)

In 2015, the federal court granted defendant's petition for a writ of habeas corpus in part, directing reversal of defendant's conviction for felon in possession of a firearm (count 13), and directing the trial court to resentence defendant. (*Vance III*, *supra*, E077132.)

In 2017, the trial court amended the abstract of judgment in accordance with our 2013 opinion in case No. E054460. The trial court dismissed count 1 (kidnapping for robbery), deleted the conviction from the abstract, and imposed the previously stayed sentence on count 6 (robbery). (*Vance III*, *supra*, E077132)

The trial court resentenced defendant in 2018 to 182 years 8 months to life. Defendant again appealed, leading to this court issuing a decision on January 16, 2020

4

(E071074), remanding the matter again for resentencing under Senate Bill No. 136 (2018-2019 Reg. Sess.) (Senate Bill 136) and Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393). (*Vance III*, *supra*, E077132.)

Upon remand, the court resentenced defendant. On September 24, 2020, the trial court dismissed defendant's serious felony enhancements under Senate Bill 1393, struck his prison priors under Senate Bill 136, and imposed an aggregate prison term of 142 years 8 months to life. (*Vance III*, *supra*, E077132.)

Defendant again appealed. He argued his gang crime conviction (count 14) and gang enhancements (attached to counts 1-10) (§ 186.22, subds. (a), (b)) must be vacated and the matter remanded under Assembly Bill No. 333 (Stats. 2021, ch. 699, § 3, eff. Jan. 1, 2022) (Assembly Bill 333). He also asserted in supplemental briefing that under section 1109, added by Assembly Bill 333 (Stats. 2021, ch. 699, § 5, eff. Jan. 1, 2022), he is entitled to a new trial bifurcating his gang crime charge and gang enhancements from the other charges and allegations. He further claimed that his case should be remanded under Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1, eff. Jan. 1, 2022) (Assembly Bill 518), to allow the trial court to exercise its discretion in determining whether to stay his robbery convictions (counts 2-5) or instead stay his kidnapping for robbery convictions (counts 7-10). Defendant also argued that his sentence should be vacated, and the matter remanded for resentencing, because the court prejudicially erred in conducting the resentencing hearing in his absence and that the court erred in failing to recalculate custody credits. (*Vance III*, *supra*, E077132.)

In January 2023, we agreed this matter should be remanded under Assembly Bill 518 to allow the trial court to exercise its discretion as to whether to stay the robbery convictions (counts 2-5) or instead stay the kidnapping for robbery convictions (counts 7-10). We also concluded that Assembly Bill 333's modification of section 186.22 applies retroactively to this case, and therefore defendant's gang crime conviction and gang enhancements must be vacated and the matter remanded under Assembly Bill 333. We further concluded that, even though section 1109, added by Assembly Bill 333, entitled defendant to bifurcate trial of his gang charge and gang enhancements from trial of the remainder of the charges and allegations, nonbifurcation did not constitute prejudicial error. We ultimately reversed the judgment and remanded the case for resentencing under Assembly Bills 333 and 518. (*Vance III*, *supra*, E077132.)

The trial court held a resentencing hearing pursuant to our most recent decision on May 4, 2023. The trial court indicated that the parties had "settled their differences," rather than "retry the case." Pursuant to the parties' agreement, the People moved to dismiss the prior strike allegation, the gang enhancement allegations (§ 186.22, subd. (b)(1)) attached to counts 1 through 10, and active participation in a gang (§ 186.22, subd. (a)) (count 14). The court accordingly dismissed the prior strike allegation, the gang enhancements, count 14, and the firearm enhancements attached to the gang allegations. The court resentenced defendant to a total term of 14 years to life in prison as follows: life in prison with a minimum parole eligibility of seven years on count 2, plus a consecutive term of life in prison with a minimum parole eligibility of

6

seven years on count 3; concurrent terms on counts 4, 5, 6, and 11; and stayed terms of three years on counts 7, 8, 9, and 10. While sentencing defendant, the court noted "with the expectation it's a 14-to-life commitment. Seven plus seven" and "defendant is sentenced by agreement . . . ." As to credits, the court stated defendant was "entitled to actual credits through today of 4,490 days," "conduct credit through the original day of sentencing of 32 actual days under . . . section 2933.1," and pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20, "the Department of Corrections is responsible for calculating all of his credits after the original sentencing date in 2011." When the court inquired if there was anything further, both defense counsel and the prosecutor replied in the negative. The court thereafter informed defendant that he would be returned to state prison and wished him good luck. Defendant replied, "All right. Thank you."

On July 6, 2023, defendant timely filed a notice of appeal and request for a certificate of probable cause on the basis the kidnapping offenses were unlawful because he was not an actual participant. The court denied the request.

III.

DISCUSSION

After defendant appealed, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436, setting forth a statement of the case and a summary of the facts, and requesting this court to conduct an independent review of the record. (See *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)

7

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant's brief consists of conclusory statements, without any attempt to provide legal or factual support for any claim of error. Construing defendant's response broadly reveals he is challenging the "plea deal" made at the May 2023 resentencing hearing and the kidnapping offenses on the ground he was not a major participant in the offenses. Defendant claims the plea agreement was not knowingly because he believed he would receive only seven years without life.

We have considered defendant's contentions in light of the record on appeal. We find defendant's arguments do not raise any arguable issues for reversal. The record belies defendant's claim he was not knowingly aware of the agreement between himself and the People. The court specifically explained the agreement and defendant's total sentence during open court in defendant's presence. Defendant did not indicate he did not understand the terms of the agreement or his sentence. He did not ask any questions of the court or his counsel and acquiesced in the agreement.

Furthermore, defendant's claim relating to his kidnapping offenses is not reviewable. We cannot entertain this claim because in an appeal following a limited remand, the scope of the issues before the court is determined by the remand order. (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397; *People v. Deere* (1991) 53 Cal.3d 705, 713.) Put differently, our review in this case is limited to claims of error in the proceedings that occurred on remand after defendant's prior appeal. (See *People v. Webb* (1986) 186 Cal.App.3d 401, 410.) As none of these challenges pertain to the gang

allegations and his resentencing hearing, they are not reviewable.  Moreover, Senate Bill No. 1437 and *People v. Smith* (2020) 49 Cal.App.5th 85, which defendant cites to challenge his kidnapping offenses based on his lack of being a major participant in the robbery, do not apply to kidnapping or robbery.

We have reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.

9